AO 243 (Rev. 2/95)

PETITION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

B-04-016

| UNITED STATES DISTRICT COURT | District Southern District of Texas (Brownsville) | |
|---|---|---|
| Name of Movant Lauro Garcia Jr. | Prisoner No. 21207–018 | Case No. 1:97:CR00208-001 |
| Place of Confinement Childress Federal Prison Camp, Three Rivers, Texas 78071 | United States District Court Southern District of Texas | |

UNITED STATES OF AMERICA      V.      LAURO GARCIA JR.   FEB 0 3 2004

(name under which convicted)

Michael N. Milby
Clerk of Court

## MOTION

1. Name and location of court which entered the judgment of conviction under attack   United States District Court, Southern District of Texas, Brownsville, Texas

2. Date of judgment of conviction   October 27, 1997

3. Length of sentence   135 Months

4. Nature of offense involved (all counts)   Conspiracy to possess with intent to distribute in in excess of 100 kilos of marijuana; Conspiracy to possess with intent to distribute in excess of 5 kilos of cocaine.

5. What was your plea? (Check one)
   (a) Not guilty   ☐
   (b) Guilty   ☒
   (c) Nolo contendere   ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:
   N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury   ☐
   (b) Judge only   ☐

7. Did you testify at the trial?
   Yes ☐   No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐   No ☒

AO 243 (Rev. 2/95)

9. If you did appeal, answer the following:

   (a) Name of court __N/A_____

   (b) Result __N/A_____

   (c) Date of result __N/A_____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☒        No ☐

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court __5th Circuit Court of Appeals (No. 00-41056)_____

       (2) Nature of proceeding __Direct Appeal: Decision of trial court ruling dening Petitioners__

          __Motion to Dismiss Pursuant to Fed R. Crim. Proc. 12(b)(2)._____

       (3) Grounds raised __Insufficient evidence for indictment on conspiracy to possess with__

          __intent to distribute cocaine._____

          _____

          _____

          _____

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
           Yes ☐        No ☒

       (5) Result __N/A_____

       (6) Date of result __N/A_____

   (b) As to any second petition, application or motion give the same information:

       (1) Name of court __N/A_____

       (2) Nature of proceeding __N/A_____

          _____

       (3) Grounds raised __N/A_____

          _____

          _____

          _____

          _____

          _____

AO 243 (Rev. 2/95)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐        No ☐

(5) Result __N/A__

(6) Date of result __N/A__

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.                Yes ☐        No ☐
(2) Second petition, etc.             Yes ☐        No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:
N/A

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

Caution:    If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self—incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(h) Denial of right of appeal.

A.    Ground one: __Denial of Effective Assistance of Counsel.__

_____

Supporting FACTS (state *briefly* without citing cases or law)

Trial Counsel advised Petitioner to plea guilty to possession of cocaine

where no evidence existed to prove said offense.  Counsel did not investigate

the facts of the case.

_____

_____

B.    Ground two: _N/A_____

_____

Supporting FACTS (state *briefly* without citing cases or law)    N/A_____

_____

_____

_____

C.    Ground three: _N/A_____

_____

Supporting FACTS (state *briefly* without citing cases or law)    N/A_____

_____

_____

_____

AO 243 (Rev. 2/95)

_____

_____

D.    Ground four: __N/A_____

_____

Supporting FACTS (state *briefly* without citing cases or law) N/A_____

_____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____N/A_____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐        No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

(a) At preliminary hearing  __N/A_____

_____

(b) At arraignment and plea   ___N/A_____

_____

(c) At trial  __N/A_____

_____

(d) At sentencing  __N/A_____

_____

(e) On appeal   N/A _____

_____

(f) In any post—conviction proceeding   N/A _____

_____

(g) On appeal from any adverse ruling in a post—conviction proceeding   N/A _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒        No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐        No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future:   N/A _____

_____

(b) Give date and length of the above sentence:   N/A _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐        No ☒

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

12/20/03
(Date)

_____
Signature of Movant

(7)

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

---

## UNITED STATES OF AMERICA
### Respondent

## V.

## LAURO GARCIA JR.
### Petitioner

---

### Appealed in Cause No.  B-97-CR-208-001
### In the United States District Court for the
### Southern District of Texas Brownsville Division
### Appellate No. 00-41056 Fifth Circuit of Appeals

---

## MEMORANDUM OF LAW AND POINTS AND AUTHORITIES
## IN SUPPORT OF PETITIONER'S § 2255 PETITION

---

**Ralph R. Martinez**
**State Bar No. 13143600**
**Martinez & Martinez**
**2900 Woodridge, Suite 306**
**Houston, Texas 77087**
**(713) 645-7894**
**(713) 645-7777 Fax**

**Attorney for Petitioner**

## I.

## FACTUAL BACKGROUND

A.    Course of Proceedings and Disposition Below

Garcia and three co-conspirators (Ricardo Mulet Perez, David James Gugal, and James Douglas Garlin) were indicted in the United States District Court for the Southern District of Texas, Brownsville Division, No. B-97-CR-208, on June 3, 1997, with conspiracy to possess with intent to distribute in excess of 100 kilograms of marihuana in violations of 21 U.S.C. §§ 846, 841 (a)(1) and (b)(1)(B) (count 1), with two counts of aiding and abetting the possession with intent to distribute in excess of 100 kilograms of marijuhana in violation of 21 U.S.C. § 2 (counts 2 and 3), and with conspiracy to possess with intent to distribute in excess of 5 kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(count 4) (R. 102-103).  He pled guilty to counts 1 and 4 on July 31, 1997, pursuant to a plea agreement (R. 35) He was sentenced on October 14, 1997, to concurrent terms of 135 months in the custody of the Bureau of Prisons, 5 years supervised release, and the $200 special assessment (R. 27).

Garcia did not appeal.  On June 12, 2000, he filed a "Motion for Want of Jurisdiction (Statutory) Pursuant to 12(b)(2) of the F. R. Crim. Proc.," in which he alleged that the indictment was defective as a "matter of law" to support his cocaine conspiracy conviction because the United States failed to prove that he conspired with a non-government agent (R. 03).  The district court dismissed the motion with the finding that "[t]he relief Petitioner requests is not available to him under Federal Rule of Criminal Procedure 12(b)(2)" (R. 2).  The court also found, notwithstanding, that the transcript of the guilty plea evidenced three co-conspirators, one of whom was not a government agent.  (R. 2).  It was from this order that Garcia appealed.  Petitioner filed a pro se

1

appeal to the Fifth Circuit of Court of Appeals and that Court affirmed Petitioner's sentence on May 04, 2001.

B.    Statement of facts

The pertinent facts on Petitioner's case are that on April 10, 1997, Garcia negotiated with an undercover law enforcement officer to transport approximately 464 pounds of marihuana to South Carolina at a fee of $100 per month (PSR paragraph 14). Later that date, surveillance agents observed Garcia's white pickup truck and a black truck pass through the agreed upon location. The black truck was stopped, searched, and contained 464 pounds of marihuana. The driver of that vehicle was arrested. Garcia was not arrested at that time and his contact with the undercover agent continued (PSR paragraph 15).

On May 6, 1997, an unidentified accomplice of Garcia delivered a van loaded with approximately 364 pounds of marihuana to another undercover officer. Later Garcia informed the undercover officers that he was interested in having him transport 1200 pounds but that he was unable to gain access to such a large amount (PSR paragraph 16).

On May 8, 1997, Garcia negotiated with another undercover officer to purchase 50 kilograms of cocaine, but was unable to deliver the money, Garcia then negotiated to purchase 15 kilograms of cocaine and the delivery was to be made when the 364 pounds of marihuana were made. (PSR paragraph 17). Garcia was to pay $36,400, for transporting the marihuana and $150,000 for transporting the cocaine. Upon arrival in South Carolina, the narcotics would be delivered to Garcia and payment would be made at that time. (PSR paragraph 18).

In conjunction with D.E.A. in Charleston, South Carolina, a controlled delivery of 364 pounds of marihuana was made (PSR paragraph 19). Garcia paid the undercover agent $67,000,

informing him that he did not have all of the money for the cocaine and requested that the agent "front" him the money for an hour (PSR paragraph 20). The agent declined. Garcia then provided the agent with a van, which was brought to the location by co-defendants James Douglas Garlin and David James Gugal. Garcia then requested Garlin to travel to Summerville for the purpose of transporting a load of marihuana for him. Garlin, in turn, asked Gugal to drive the van to Summerville (PSR paragraph 21).

During this meeting, Garcia offered to introduce the agent to codefendant Ricardo Mulet Perez, who he identified as his "money man." Garcia has also recruited Perez to participate in the instant offense by receiving the 364 pound marihuana load (PSR paragraph 22). The marihuana was then driven by the undercover agent to a predetermined location and the delivery made. Garlin and Gugal were arrested as they entered the van. Garcia and Perez were also arrested in the immediate vicinity at this time (PSR paragraph 32).

## II.

## PETITIONER IS EXCUSED FROM ANY PROCEDURAL DEFAULT OR APPLICATION OF THE FEDERAL HABEAS LITIGATION STATUTE OF LIMITATIONS

A.    Cause and Prejudice

Procedural default can be excused if the habeas petitioner establishes cause and prejudice for that default. This means, some objective factor external to the defense that impeded counsel or petitioner's efforts to raise the claim. Murray v. Carrier, 477 U.S. 478 (1986). This has included state official interference, Dabbs v. Zant, 506 U.S. 357 (1993); or, that the factual or legal basis for the claim was not reasonably available to counsel or petitioner at the time of default. Coleman, v.

3

Thompson, 501 U.S. 711 (1991).  Ineffective assistance of counsel is such a cause only if there is a constitutional requirement for effective assistance for a particular proceeding.  Murray v. Carrier, supra; Coleman v. Thompson, supra.

Petitioner can be excused from any procedural defaults for cause and prejudice.  Petitioners asserts that he was denied effective assistance of counsel at several stages of his criminal case.

Firstly, counsel failed to fully investigate evidence that would exonerate appellant and ignored exculpatory evidence that counsel did have access to explore.  Petitioner, through advise of counsel, pled guilty to Count Four of his Indictment, Conspiracy to Possess with Intent to Distribute over five kilos of cocaine, 21 U.S.C. § 846, 841 (a)(1), 841(b)(1)(A).  Petitioner was thereafter sentenced to a term of confinement that included 15 kilos of cocaine.  Petitioner alleges that the was not guilty of that offense and the evidence the government possessed supports that contention (PSR p. 7-8 paragraph 16-20) (See Exhibit 1).

Petitioner also contends his counsel did not perfect his appeal or assist on prosecuting a "forma pauperis" appeal.  Instead, appellant filed a pro se appeal and prosecuted that appeal without assistance of counsel (see Exhibit 2).

The Sixth Amendment to the United States Constitution guarantees the right to effective assistance of counsel in criminal prosecutions.  Giddeon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963).  In Strickland v. Washington, the Supreme Court established a two-prong test to evaluate ineffective assistance claims.  Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  To reverse a conviction, a defendant must prove: (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of

4

the proceeding. Strickland v. Washington, 466 U.S. at 687-688 104 S. Ct. at 2064-2069, 80 L. Ed.

2d at 693, Johnson v. Cockrell, 301 F. 3d 234, 238 (5th Cir. 2002). A defendant's failure to satisfy

one prong negates the court's need to consider the other. Pratt v. Cain, 142 F. 3d 226, 231-233 (5th.

Cir. 1998).

In deciding an effectiveness claim, the court must consider the totality of circumstances.

Strickland v. Washington, 466 U.S. at 690, 104 S. Ct. at 2069, 80 L. Ed. 2d at 695. Nonetheless, the

defendant must point to actual ineffectiveness, either through specific errors or omissions of counsel,

and may not rely solely on the surrounding circumstances to prove ineffective assistance. United

States v. Cronic, 466 U.S. 648, 665, 104 S. Ct. 2039, 2067, 80 L. Ed. 2d 657, 672 (1984). However,

in any given case, the right to effective assistance of counsel may be violated by even an isolated

error of counsel if that error is sufficiently egregious and prejudicial. Murray v. Carrier, 477 U.S.

478, 496, 106 S. Ct. 2639, 2649-2650, 91 L. Ed. 2d 397, 413 (1986).

The first prong of the aforementioned test, "objective reasonableness," is judged under

"norms prevailing at the time counsel rendered assistance" and the courts "must indulge a strong

presumption that counsel's conduct falls within the wide range of reasonable professional

assistance." Haynes v. Cain, 298 F. 3d 375, 380 (5th Cir. 2002). The determination of the second

prong of the aforementioned test for effective counsel requires a showing of prejudice; that is, there

must be a showing that there is a reasonable probability that, but for counsel's unprofessional errors,

the result of the proceeding would have been different. A reasonable probability is a probability

sufficient to undermine an outcome. Johnson v. Cockrell, 301 F. 3d at 239.

The Supreme Court of the United States has created certain limited exceptions to the

Strickland test for counsel performance. In such cases, prejudice is presumed and no showing of the

5

prejudice prong of the Strickland test is required.  These cases include cases that are so "likely to prejudice the accused that the cost of litigating their effect in the particular case is unjustified."  The Supreme Court has identified three types of cases that are excepted from the prejudice prong under Strickland: denial of counsel at a critical stage; where counsel fails to subject the prosecution to meaningful adversarial testing; and, where circumstances surrounding the trial prevent defense counsel from rendering effective representation.  United States v. Cronic, 466 U.S. 648, 658-662, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984); Bell v. Cone, _____U.S.___, 112 S. Ct. 1843, 1850, 152 L. Ed.2d 914, at ____(2002).

In reviewing district court findings of fact, the standard is clear error, and findings of law or mixed questions of law and fact are reviewed de novo.  An ineffective representation claim is reviewed de novo.  Beltran v. Cockrell, 294 F. 3d 230, 233 (5th Cir. 2002).

The performance of trial counsel was deficient.  Firstly, trial counsel failed to adequately investigate the evidence against appellant.  Counsel ignored the evidence suggesting appellant was not guilty of delivery of cocaine.  A reasonable attorney has an obligation to research the relevant law and facts, or make an informed decision that certain avenues will not prove fruitful.  United States v. Williamson, 183 F. 3d 458, 463 (5th. Cir. 1999); United States v. Phillips, 210 F. 3d 345, 348 (5th Cir. 2000).

The record in this case clearly demonstrates that counsel had access to that exculpatory material (PSR p. 7-8, para. 16-20).  Yet, nothing in the record indicates trial counsel took any efforts to investigate the evidence against petitioner.  Nor, does the record demonstrate that trial counsel sought a continuance so that the proper investigation could be accomplished.  Especially, significant in establishing trial counsel's deficiency is the relatively easily discoverable evidence that could

6

substantiate trial counsel's reservations regarding the guilt of petitioner. Beltran v. Cockrell, 294

F. 3d 730, 734 (5th Cir. 2002). Moreover, trial counsel had advance notice that this issue would be

raised at appellant's sentence hearing yet did nothing to obtain records from various governmental

criminal records depositories or obtain these records during the course of the regular discovery

process. supra.

The actions of trial counsel prejudiced petitioner in several ways. The cocaine relevant may

have exposed appellant to a harsher sentence reflected by the inclusion of cocaine on petitioner's

base offense level. Trial counsel was also ineffective for failure to file petitioner's direct review or

withdraw from representation in petitioner's case and/or advise petitioner on how to perfect

petitioner's appeal. White v. Johnson, 180 F. 3d 648 (5th Cir. 1999); United States v. Gipson, 985

F. 2d 212 (5th Cir. 1992).

B.    Actual Innocence

If a habeas petitioner can show that the constitutional error probably resulted in the

conviction of an innocent person, he can excuse the procedural default. See Schlup v. Delo, 513

U.S. 298 (1995); in Haley v. Cockrell, 306 F. 3d 257 (5th Cir. 2002). A petitioner who fails to

satisfy the cause-and-prejudice standard may nonetheless be entitled to habeas relief if he can show

that the imposition of the procedural bar would constitute a miscarriage of justice-i.e., that the

petitioner is actually innocent of the crime. Sawyer v. Whitley, 505 U.S. 333, 339-40 (1992); Finley

v. Johnson, 243 F. 3d 215, 220 (5th Cir. 2001). "In order to be actually innocent of a noncapital

sentence, the petitioner must show that "but for the constitutional error he would not have been

legally eligible for the sentence he received." Sones v. Hargett, 61 F. 3d 410, 418 (5th Cir.

1995)(citing Smith v. Collins, 997 F. 2d 951, 959 (5th Cir. 1992). In the instant case, the Presentence

Report alluded to evidence that petitioner was innocent of Count 4 of the Indictment against him (PSR p. 7-8, para. 16-20).

C.    Statute of Limitations

For the first time in history, the right to file a federal writ is limited to one year 28 U.S.C. That year begins on the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review. In other words, the one year begins on the date petitioner's case was affirmed by the Court of Appeals or the final date on which petitioner *could have* sought a petition for cert.

The Fifth Circuit has held that the one-year time period in Sec. 2244(d) is not jurisdictional and is subject to equitable considerations, such as equitable tolling. Davis v. Johnson, 158 F. 3d 806 (5th Cir. 1998); Coleman v. Johnson, 184 F. 3d 398 (5th Cir. 1998). The Third Circuit explained that equitable considerations are generally applicable when (1) the defendant actively mislead the plaintiff respecting the cause before the court; (2) Plaintiff, "in some extraordinary way" was prevented from asserting his rights; or (3) Plaintiff timely asserted those rights in the wrong forum. New Castle County v. Halliburton Nus Corp., 1116 (3rd Cir. 1997).

These principles have been carried forward to the  AEDPA. The *Miller* Court looked to whether a defendant was, in some extraordinary way, prevented from asserting his or her rights. Miller v. New Jersey Dept. of Corrections, 145 F. 3d 616 (3rd 1998). In the instant case, appellant's ineffective representation in perfecting petitioner's appeal equitably tolls the AEDPA Statute of Limitations. (See Discussion in this Petition "II" subsection "A").

### III.

### TRIAL COUNSEL WAS INEFFECTIVE IN REPRESENTING PETITIONER

8

For the reasons set forth in "II" of this Memorandum, Petitioner asserts his trial counsel was ineffective; and therefore, Petitioner was denied "the effective representation of counsel" at the trial level depriving Petitioner of this Sixth and Fourteenth Amendment right to counsel.

## IV.

## CONCLUSION

Petitioner requests that this Court grant him a new trial because of the ineffective representation he received at trial.

RALPH R. MARTINEZ,
ATTORNEY AT LAW
SBN:13143600
2900 WOODRIDGE, SUITE 306
HOUSTON, TEXAS 77087
(713) 645-7894
(713) 645-7777 FAX

ATTORNEY FOR PETITIONER,
LAURO GARCIA, JR.

9

## CERTIFICATE OF SERVICE

I, Ralph R. Martinez, certify that a true and correct copy of the foregoing Memorandum of

Law and Points and Authorities in Support of Petitioner's § 2255 Petition, was served upon Ms.

Paula Offenhauser, Assistant U.S. Attorney, 910 Travis, Suite 1500, P.O. Box 61129, Houston,

Texas 77208 via Certified Mail/RRR or hand delivery, on this the ___ day of ___, 2005

_____
RALPH R. MARTINEZ

ATTORNEY FOR PETITIONER,
LAURO GARCIA, JR.

10

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 12 2000

Michael N. Milby, Clerk of Court

Lauro Garcia, Jr.,
    Petitioner

VS.                                    Docket No: B-97-00208-001

United States of America

MOTION FOR WANT OF JURISDICTION (STATUTORY)
PURSUANT TO RULE 12(b)(2) OF THE F.R.CRIM. PROC.

Comes now, the petitioner respectfully request that this Honorable Court
assure itself of jurisdiction that allowed this Honorable Court to impose
sentence upon the petitioner for a violation of Title 21 U.S.C.§ 846 of count
4 of the above mentioned case number.

Objections challenging the court's jurisdiction may be made at any time,
the term "jurisdiction" as used there refers soley to subject matter jurisdiction,
not to personal.  See 8 R. Cipes, Moore's Federal Practice ¶12.03[1] at 12-19
(1986).

In the instant case the petitioner was charged and sentenced to count 4
Conspiracy to possess with the intent to distribute a quantity exceeding five (5)
kilos of cocaine all in violation of § 846 i.c.w. § 841.  On or about 07/31/97.

The petitioner will ask this court to consider the facts of the case as
presented by the government and the United States Probation Officer.  Since
the government did not object to the facts surrounding the instant case during
sentencing or before sentencing.  The petitioner respectfully request this
Honorable Court to take Judicial Notice pursuant to Rule 201 of the F.R. of
Evidence as to the Presentence Report prepare for this court. SEE Exh. 1

135

Item [13] of the report the Probation Officer submit that the Drug Enforce-
ment Administration (DEA) the Texas Department of Public Safety (DPS) and an in-
dependent investigation conducted by the U.S. Probation Office, this case originated
on or about April 10, 1997.

This information is to be considered reliable as a matter of due process
since this information was never objected to by the government nor the petitioner.
So, for the sake of argument, can the government now object to the use of this
information as not being correct and reliable?  Nevertheless, we must rely on
the offense conduct as stated by the (DEA), (DPS), and U.S. Probation Department.

From the initial date of the investigation (DPS) Investigator Anthony David,
was working in a undercover capacity, met and negotiated in La Feria, Texas, with
the petitioner for the transportation of marihuana.  However, on May 8, 1997
the petitioner met with Agent David and another undercover officer to purchase
fifteen (15) kilos, and the Agents agreed.  The delivery of the "notional"
cocaine would take place at the same time as the delivery of the three hundred
and sixty-four (364) pounds of marihuana.  See Item [17](PSR) Exh. 2

On May 13, 1997, the Charleston DEA Office agreed to assist the Brownsville
DEA Office in making a controlled delivery of the three hundred and sixty-four
(364) of marihuana to the petitioner. Note: No mentioning of the notional
fifteen (15) kilos.  It is understood that notional is not factual, but here's
the agreement that is to take place.  On May 16, 1997 the petitioner informed
Agent David he did not have all of the money for the cocaine and suggested that
Agent David front the petitioner the cocaine and wait an additional hour.  Agent
David would then recieve the remaining amount of money "owed to HIM ".  Agent·
David DECLAINED.  SEE.  Item [20](PSR) Exh.3

2

During an interview with the U.S. Probation Officer, Perez stated, and it was confirmed by the petitioner, that the petitioner recruited Perez to participate in the instant offense by asking him to assist in recieving the three hundred and sixty-four (364) pound load of marihuana which was to be delivered by Agent David. Item [22](PSR).

Based on the forgoing facts as presented to this Honorable Court as to be facts, the petitioner will show that this court was without jurisdiction to convict and sentence the petitioner for a violation of Title 21 U.S.C § 846.

In a given case a federal district court must have at least one of the three types of subject matter jurisdiction: (1) Jurisdiction under a specific Statutory grant....ect,al......... In the instant case the government chose to prove that the petitioner violated § 846 to give this court jurisdiction to try, convict, and sentence the petitioner.

To suport a conspiracy conviction under section 846, the government must prove (1) an agreement between the defendant and one or more persons, (2) the object of which is to do either an unlawful act or a lawful act by unlawful means.

In U.S. V. Gourley 168 F.3d 165 (5th Cir. 1999) the court states:

> 1). an agreement existed between at least two non-government people to import and possess the control substance with intent to distribute............

The Key to this statement is that the defendant must be in an agreement with a non-government people. In U.S. V. Sears, 343 F.2d 139 (5th Cir. 1965) (no conspiracy with government informant who secretly intends to frustrate the conspiracy). In Krulewitch V. U.S. 336 U.S. 440, 448, 69 S.Ct 716, 93 L.Ed. 790 (1949) "[U]nless at least two people committ [the act of agreeing], no one does.

3

When Oone of two persons merely PRETENDS to agree, the other party, whatever he may believe, is in fact not conspiring with any-one" **Developments in the Law-Criminal Conspiracy, 72 Harv.L.Rev. 920, 926 (1959).**

[A]greement is the essential evil at which the crime of conspiracy is directed, and it "remains the essential element of the crime".

Turning to the facts of the instant case there can be no doubt that Agent David was one of the people that was mentioned in **U.S. V. Gourley,** and we must then determine if in fact the petitioner could have conspired with Agent David. As the Fifth Circuit makes it clear, the petitioner can not conspire with a government agent. Therefore count four (4) of the instant indictment did not give this court jurisdiction to try, convict, and sentence the petitioner for violation of §846 conspiracy to possess with the intent to distribute a quanity exceeding five (5) kilos of cocaine. This court was without jurisdiction as a matter of law.

On May 8, 1997 the petitioner agreed with <u>Agents</u> that the petitioner would <u>purchase</u> fifteen (15) kilos of cocaine **from them (agents).** Upon arrival in South Carolina, the narcotics would be delivered to the petitioner and Agent David would then be paid <u>for his</u> transportation services. Loking back for amoment, as we can see the agreement was to purchase cocaine from Agents, and thats the agreement thus far.

On May 16, 1997 the petitioner informed Agent David he (petitioner) did not have all of the money for the cocaine and suggested that Agent David front him (petitioner) the cocaine and wait an additional hour. Agent David would then recieve the remaining amount of money "owed to him". **Agent David declined.**

In this statement alone would show that there was no agreement was consummated between the Agents and the petitioner for the purchase of cocaine, and surely there couldn't have been an agreement beteen the petitioner and the agents.

4

The government will argue that the petitioner conspired with Ricardo Mulet Perez, so getting to the statement that was made to the Probation Officer by Mr. Perez "was recruited to participate in the instant offense by asking him (Perez) to assist in receiving the THREE HUNDRED AND SIXTY-FOUR (364) POUND LOAD OF MARIHUANA which was to be delieverd by Agent David. As one can see Mr Perez was not part of the conspiracy to purchase cocaine, nor was there an agreement with the petitioner and Mr. Perez to purchase cocaine from the agents.

The government will also argue that the petitioner plead guilty to the violation of § 846, and this should be accepted as an admission of guilt. However, the petitioner can not plead guilty to something which was not a crime, and the petitioner can not be precluded from raising this jurisdictional defect, which goes " to the very power of the state to bring the petitioner into court to answer the charge brought against the petitioner ". See Blackleged V. Perry, 417 U.S. 21,30, 94 S.Ct. 2098, 2013, $0 L.Ed.2d 628 (1974); also See U.S. V. Meacham, 626 F.2d 503, 509-10 (5th Cir. 1980)( guilty plea does not bar jurisdictional claim that indictment for "conspiracy to attempt" failed to charge offense).

The statements of facts was supported by the Drug Enforcement Administration (DEA), the Texas Department of Public Safety (DPS), and the U.S. Probation Officer.  This information has not been contested by the government as not being factual or reliable.

Relief sought:  The petitioner should sentenced only to the marihuana and the total weight as computed by the Probation Officer as to the amount of (828) pounds converted to 375.58 kilos of marihuana with an offense level of 26 as the starting point.  Taking in consideration that there was an increase of 4 levels and a decrease of 3 levels which made the plus 1 level the petitioner's offense level should be that of 27 with a range of 70-87 months.

5

The petitioner would request that since this court granted the reduction for acceptance of responsibilty that the petitioner be sentence at the bottom of the guidelins to a term of 70 months.

## CONCLUSION

The petitioner have not challenged the marihuana conspiracy conviction, and did not bring this motion before this Honorable Court in bad faith. The petitioner is only concerned with the petitioner's Due Process of Law, and the Rule of Law which states that a crime have not been committed as alleged in count four of the instant case. The petitioner could not have conspired with the Agents in the instant case to purchase cocaine, and then be charged as a conspiracy to possess with the intent to distribute all in violation of Title 21 U.S.C. § 846 icw. § 841(a)(1) and (b)(1)(b).

The petitioner's conviction and sentence should be vacated as to the amounts of fifteen (15) kilos use to sentence the petitioner. It is so prayed.

Executed this 26th of April 2000.

Lauro Garcia Jr

Lauro Garcia, Jr.
Reg. No. 21207-018
P.O Box 725
Edgefield, SC. 29824

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above mentioned motion has been affixed with proper postage and mailed to the following address: Mervyn Mosbacker, AUSA 1036 Levee St. Brownsville, Texas. 78520

Done this 26th of April 2000.

Lauro Garcia Jr.

Lauro Garcia, Jr.

# EXHIBIT B

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 1 8 2000

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| LAURO GARCIA Jr., | § | |
| Petitioner/Defendant | § | |
| | § | B-97-CR-208-001 |
| vs. | § | |
| | § | |
| UNITED STATES OF AMERICA | § | |

## ORDER DENYING DEFENDANT'S MOTION FOR WANT OF JURISDICTION

Before the Court is Lauro Garcia's Motion for Want of Jurisdiction (Statutory) Pursuant to Rule 12(b)(2). Garcia is contending that this Court was without jurisdiction when it accepted his plea of guilty to the charge of conspiracy to possess with the intent to distribute a quantity exceeding five kilos of cocaine. Garcia is basing this contention on the fact that a conspiracy did not exist as a matter of law because the only members of the conspiracy were himself and a government agent.

The relief Petitioner requests is not available to him under Federal Rule of Criminal Procedure 12 (b)(2). Notwithstanding, a review of the transcript taken during the guilty plea reveals both direct and circumstantial evidence to support the conspiracy. During the guilty plea evidence was presented regarding three co-conspirators.

Accordingly, it is ORDERED, ADJUDGED, and DECREED that Lauro Garcia's Motion for Want of Jurisdiction (Statutory) Pursuant to Rule 12(b)(2) is hereby **DENIED**.

DONE this _18th_ day of July, 2000 in Brownsville, Texas.

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, Clerk of Court
By
Deputy Clerk

_____
Filemon B. Vela
United States District Judge

13 6

# EXHIBIT C

AO 245B (Rev 3/95) Sheet 1 - Judgment in a Criminal Case

United States District Court

**Southern District of Texas**

United States District Court
Southern District of Texas
FILED

OCT 27 1997

Michael N. Milby
Clerk of Court

UNITED STATES OF AMERICA
v.

**LAURO GARCIA, JR.**

**JUDGMENT IN A CRIMINAL CASE**

(For Offenses Committed On or After November 1, 1987)

Case Number:  1:97CR00208-001

Xavier Ornelas

Defendant's Attorney

## THE DEFENDANT:

[X] pleaded guilty to count(s)  **1 and 4 on July 31, 1997**

[ ] pleaded nolo contendere to count(s) _____
which was accepted by the court.

[ ] was found guilty on count(s) _____
after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C.  846 | Conspiracy to possess, with intent to distribute, a quantity exceeding 100 kilos of marihuana. | 05/16/1997 | 1 |
| 21 U.S.C.  846 | Conspiracy to possess, with intent to distribute, a quantity exceeding 5 kilos of cocaine. | 05/16/1997 | 4 |

The defendant is sentenced as provided in pages 2 through  6  of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____

[X] Count(s)  2 and 3  are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:  **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**

Defendant's Date of Birth:  **11/29/1974**

Defendant's USM No.:  **21207-018**

Defendant's Residence Address:

**3229 Jenkins Farm Road**

| John's Island | | SC | 29455 |

Defendant's Mailing Address:

**3229 Jenkins Farm Road**

| John's Island | | SC | 29455 |

**10/14/1997**

Date of Imposition of Judgment

Signature of Judicial Officer

**Honorable Filemon B. Vela**

**United States District Judge**

Name & Title of Judicial Officer

TRUE COPY I CERTIFY
Date:  **10/27/97**
ATTEST:

MICHAEL N. MILBY, Clerk of Court
By _____
Deputy Clerk

RB/nma

DEFENDANT:        LAURO GARCIA, JR.
CASE NUMBER:      1:97CR00208-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of    135    month(s)    .

135 months as to Count 1 and 135 months as to Count 4, to run concurrently for an aggregate sentence of 135 months.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ a.m./p.m.  on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

Judgment-Page ___3___ of ___6___

DEFENDANT:    LAURO GARCIA, JR.
CASE NUMBER:    1:97CR00208-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of    4    year(s)

**as to Count 1. The Court ordered the defendant to a term of five (5) years as to Count 4, to run concurrently to the four (4) years in Count 1.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921 (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) . The defendant shall also comply with the additional conditions on the attached page (if indicated below).

**See Special Conditions of Supervision - Sheet    3.01**

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:        LAURO GARCIA, JR.
CASE NUMBER:      1:97CR00208-001

## STANDARD CONDITIONS

### [Continued]

14)   if restitution has been ordered, the defendant shall make restitution as ordered by the Court and in accordance with the applicable provisions of Title 18 U.S.C. 2248, 2259, 2264, 2327, 3663, 3663A, and/or 3664. The defendant shall also pay the assessment imposed in accordance with Title 18 U.S.C. 3013;

15)   the defendant shall notify the U. S. Probation Office of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments.

DEFENDANT:       LAURO GARCIA, JR.
CASE NUMBER:     1:97CR00208-001

# SPECIAL CONDITIONS OF SUPERVISION

The defendant is hereby placed on notice that the court is quite concerned there has been an alarming increase of Driving While Intoxicated and illicit drug violations by persons sentenced by this court to probation or supervised release. Such violations are criminal offenses which would cause mandatory revocation of Probation/Supervised Release and subject to consequences thereof.

The defendant is required to perform 250 hours of community service as approved by the probation officer to be completed within the first three (3) years of his term of Supervised Release.

AO 245B (Rev. 3/95) Sheet 5, Part A - Criminal Monetary Penalties

| | | | | Judgment-Page __4__ of __6__ |

DEFENDANT:     LAURO GARCIA, JR.
CASE NUMBER:     1:97CR00208-001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $        200.00 | $ | $ |

— If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . $ _____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ 0.00 .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

— The court determined that the defendant does not have the ability to pay interest and it is ordered that:

— The interest requirement is waived.

— The interest requirement is modified as follows:

# RESTITUTION

☐ The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until _____ . An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |

| | **Totals:** | $ _____ | $ _____ |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

Judgment-Page __5__ of __6__

DEFENDANT:        LAURO GARCIA, JR.
CASE NUMBER:      1:97CR00208-001

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A ☒ in full immediately; or

B ☐ $ _____ immediately, balance due (in accordance with C, D, or E); or

C ☐ not later than _____ ; or

D ☐ in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E ☐ in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The National Fine Center will credit the defendant for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States Courts National Fine Center, Administrative Office of the United States Courts, Washington, DC  20544, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. If the National Fine Center is not operating in this district, all criminal monetary penalty payments are to be made as directed by the court, the probation officer, or the United States attorney.

Judgment-Page __6__ of __6__

DEFENDANT:        **LAURO GARCIA, JR.**
CASE NUMBER:      **1:97CR00208-001**

# STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the presentence report.

## OR

☒ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**See Additional Factual Findings and Guideline Application Exceptions - Sheet 6.01**

**Guideline Range Determined by the Court:**

Total Offense Level:       ____33____

Criminal History Category:   ____I____

Imprisonment Range:   ____135____ to ____168____ months

Supervised Release Range:   ____4____ to ____5____ years

Fine Range: $ ____17,500.00____ to $ ____4,000,000.00____

   ☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____

   ☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

   ☐ For offenses that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

   ☐ Partial restitution is ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

☒ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

**See Sheet 6.01**

## OR

☐ The sentence departs from the guideline range:

   ☐ upon motion of the government, as a result of defendant's substantial assistance.

   ☐ for the following specific reason(s):

DEFENDANT:        LAURO GARCIA, JR.
CASE NUMBER:      1:97CR00208-001

# ADDITIONAL FACTUAL FINDINGS AND GUIDELINE APPLICATION EXCEPTIONS

The Court found the defendant to have an aggravating role, pursuant to U.S.S.G. 3B1.1(c).

The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons:

1. The defendant's relevent conduct was found to be 3,375.58 kilograms of marihuana, which is toward the lower end of the end of the guideline range for this quantity of drugs.

2. The defendant has a minimal prior criminal record which includes only one other arrest for a similer type offense as the one before the Court.

# EXHIBIT D

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

NO. 00-41056

---

LAURO GARCIA JR.

VS.

UNITED STATES OF AMERICA

---

APPELLANT'S APPEAL BRIEF

---

APPEALED FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

THE DENIAL OF "WANT OF JURISDICTION"

---

Lauro Garcia, Jr., Pro Se
Reg. No. 21207-018
P.O. Box 725
Edgefield, SC.  29824

CERTIFICATE OF INTERESTED PERSONS

I do hereby certify that the following persons have an interest in the out come of this appeal.:

Filemon B. Vela, United States District Judge

Mervyn Mosbacker, Assistant U.S. Attorney

Rey Buendia, U.S. Probation Officer

Louis G. Brewster, Cheif U.S. Probation Officer

Lauro Garcia, Jr., Defendant/Appellant

## STATEMENT REGARDING ORAL ARGUMENT

The Appellant states that oral argument would help resolve the issue concerning the jurisdictional question concerning the statute in which the Appellant was charged and convicted.  Oral argument is respectfully requested in the instant case.

## TABLE OF CONTENTS AND CITATIONS

<u>PAGE</u>

Certificate of interested person...........................................A

Statement regarding oral argument.........................................B

Contents and citations....................................................C

Statement of jurisdiction.................................................D

Statement of issues.......................................................E

Statement of the case.....................................................F

Statement of facts......................................................f-1

Summary argument........................................................f-2

Argument and standard of review...........................................1

**Authorities**

Sears V. U.S. 343 F.2d 139 (5th Cir. 1965)................................4

U.S. V. Duff, 76 F.3d 122 (7th Cir. 1996)................................4

U.S. V. Gourley, 168 F.3d 165 (5th Cir. 1999)............................1

U.S. V. Harper, 901 F.2d 471 (5th Cir. 1990)............................2

U.S. V. Knowles, 29 F.3d 947 (5th Cir. 1994)............................2

U.S. V. Meacham, 626 F.2d 503 (5th Cir. 1980)...........................2

U.S. V. Osiemi, 980 F.2d 344 (5th Cir. 1993)............................2

U.S. V. Richardson, 764 F.2d 1514 (11th Cir. 1985)......................5

U.S. V. Ulloa, 94 F.3d 949 (5ht Cir. 1996)..............................1

**Supreme Court**

Krulewitch V. U.S., 336 U.S. 440 (1949)..................................3

Menna V. New York, 46 L.Ed.2d 195 (1975)................................2

CITATIONS CONTINUES

<u>PAGE</u>

**Statutes**

Title 18 U.S.C. § 3742(a)(1)...........................................D

Title 21 U.S.C. § 841.................................................F,1

Title 21 U.S.C. § 846.................................................F,1

Title 28 U.S.C. § 1291...............................................D

**Rules**

12(b)(2) Criminal Procedures.........................................2

52(b) Criminal Procedures............................................1

Conclusion...........................................................6

Certificate of service...............................................8

## STATEMENT OF JURISDICTION

This court may involke its' jurisdiction pursuant to Title 28 U.S.C.§ 1291 and Title 18 U.S.C.§ 3742(a)(1). It is also requested that this court involke its' jurisdiction to prevent a continued injustice.

D

## STATEMENT OF ISSUES

1). Whether the lower court had jurisdiction to impose a sentence for which no staute had been violated as a matter of law.

## STATEMENT OF THE CASE

The facts of the case as related to the presentence report investigation, and related agencies.

The case originated on or about April 10, 1997, and the Appellant was charged in a 4 count indictment with violating §§ 846 i.c.w. 841(a)(1).   Count 1: Conspiracy to possess, with intent to distribute, a quanity exceeding 100 kilos of marijuana, in violation of §§ 846, 841(a)(1) and 841(b)(1)(B).  Count 4: Conspiracy to possess, with intent to distribute, a quantity exceeding 5 kilos of cocaine, in violation of §§ 846, 841(a)(1) and 841(b)(1)(A).   Those are the two (2) counts thats relevant to this appeal.

On or about July 31, 1997 the Appellant entered a plea of guilty as to counts 1 and 4 of the indictment.  After the court accepted the plea of guilty the court ordered a presentence investigation report and set sentencing for October 14, 1997.   Thereafter the Appellant was sentenced to 135 months of incarceration.

As docketed the Appellant filed a Motion entitled "Want of Jurisdiction" (Statutory) and was recieved 5/25/00 and filed 6/12/00.  Said motion was denied 7/18/00 and the Appellant filed a timely notice of appeal.  The Appellant is therfore still incarcerated.

F

## STATEMENT OF FACTS

The statement of facts as related by the presentence investigation report.

On or about May 8, 1997 the Appellant met with Agent David and another officer and attempted to negotiate the purchase of fifty (50) kilograms of cocaine from the agents. The Appellant was unable to deliver the money to purchase the cocaine; subsequently, the negotions ended. The Agents were unable to provide any evidence the Appellant was unable to or had the ability to consummate this deal. The Appellant suggested, and the Agents agreed that the Appellant would purchase fifteen (15) kilos of cocaine from them. (Agents) The delivery of the "notional" cocaine would take place at the same time as the delivery of the three hundred and sixty-four (364) pounds of marijuana.

The Agents was to recieve $150,000.00 for the transporting the cocaine upon arrival in South Carolina, the narcotics would be delivered to the Appellant and Agent David would then be paid for his transportation services.

On May 13, 1997, the Charleston DEA Office agreed to assist the Brownsville, DEA Office in making a control delivery of the (364 pounds) marijuana to the Appellant.

On May 16, 1997, doing a meeting the Appellant offered to introduce Ricardo Mulet Perez to Agent David, however, Perez declinded the introduction. The Appellant informed Agent David that Perez was the "money man". During an interview with the U.S. Probation Officer, Perez stated, and it was confirmed by the Appellant that the Appelllant recruited Perez to participate in the instant offense by asking him to assist in receiving the 364 pound load of marijuana which was to be delivered by Agent David.

f-1

Agent David then drove the van to a predetermined location where other Agents loaded it with the 364 pounds of marijuana to execute the controlled delivery.  Upon returning to the Waffle House, Agent David offered to have the Appellant examine the marijuana, but the Appellant declined, stating to Agent David he trusted him.  Shortly thereafter, Garlin and Gugal were arrested as they entered the van,  The Appellant and Perez were also arrested in the immediate vicinity at this time.


## SUMMARY ARGUMENT

As relating to count 4 of the indictment inwhich it is alleged that the Appellant conspired to possess with intent to distribute 5 or more kilos of cocaine with known and unknown defendants must be fist examined as to the statute inwhich the Appellant was charged and convicted to determine if in fact the Appellant violated said statute by conspiring with a government Agent[s], and was it legally posible to conspire with an agent of the government.

Considering what has been accepted as facts by this court to impose the sentence in the instant case as it relates to the PSR, was the court without the authority to impose said sentence without addressing the jurisdictional question? (Statutory)

ARGUMENT AND STANDARD OF REVIEW

"Standard of Review"

Pursuant to Rule 52(b) and any and all rules or statutes that would allow this court to render a just conclusion  should give this court a standard of review.  Also see **U.S. V. Ulloa,** 94 F.3d 949 (5th Cir. 1996). Plain error is the standard of review.

"Argument"

Whether the lower court·was without jurisdiction to impose a sentence inwhich the facts does not support the authority of the court as a matter of law.

The Appellant was charged and convicted of Conspiring to possess a controlled substance in violation of §§ 846 and 841(a)(1).  Said conspiracy involves agents of the government.  The agreement was pertaining to the attempt to possess 15 kilos of cocaine on or about  May 8, 1997.(Item 17 PSI)

First and formost the government must prove that an agreement was met, and to support a conspiracy conviction under section 846, the government must prove (1) an agreement between the defendant and one or more persons, (2) the object of which is to do either an unlawful act or a lawful act by unlawful means.  In **U.S. V. Gourley,** 168 F.3d 165 (5th Cir. 1999) the court states:

> 1). an agreement existed between at least
> two non-government people to import and
> possess the control substance........

Here it stated in **Gourley** that non-government peoples must be shown to have agreed.

1

In the instant case the Appellant plead guilty to count 4, the alleged conspircy to possess 5 kilos are more of cocaine. However, this court have long held that a claim that an indictment fails to allege an offense is a challenge to the jurisdiction of the convicting court and is not waived by a guilty plea. SEE **U.S. V. Osiemi**, 980 F.2d 344, 345 (5th Cir. 1993)

This court have permitted such challenges to be raised for the first time in a petition for habeas corpus "because such an error divests the sentencing court of jurisdiction" SEE **U.S. V. Harper**, 901 F.2d 471, 472 (5th Cir. 1990). This court have done so for the well-established reason that "a plea of guilty to a charge does not waive a claim that--judged on its face--the charge is one which the state may not constitutionally pros-ecute." **Menna V. New York**, 46 L.Ed.2d 195 (1975) SEE ALSO **U.S. V. Knowles**, 29 F.3d 947, 952 (5th Cir. 1994).

In the instant case the Appellant brought this jurisdiction challenge before the lower court pursuant to Rule 12(b)(2) of the Rules of Criminal procedures. SEE **U.S. V. Meacham**, 626 F.2d 503. 509-10 (5th Cir. 1980) (and an appellate court must notice such a flaw even if the issue was neither in the district court nor on appeal)

The lower court stated that the relief could not be granted or not available under Rule 12(b)(2). Notwithstanding, a review of the transcript taken during the guilty plea which reveals both direct and circumstantial evidence to support the conspiracy. During the guilty plea evidence was presented regarding three co-conspirators.

As the Appellant state above, the facts that was used to impose sentence in the instant case was baised on the investigation of the Probation Office.

2

The lower court stating that the Appellant was charged with three co-conspirators can be easily misplaced. The Appellant is not challenging count 1 of the indictment which charges that the Appellant was engaged in a conspiracy to possess marijuana in which the three co-conspirators would apply. The Appellant is challenging count 4 which states that the Appellant was engaging in a conspiracy to possess cocaine in which the members of this conspiracy are the Agents of the government. It must be noted that there are two conspiracies charged, and the agreement relates to other defendants concerning marijuana rather than cocaine.

The named co-conspirator that was charged in count 4 was Ricardo M. Perez. Now looking at the agreement that Perez and the Appellant had only shows that the agreement was for Perez to participate in the instant offense by asking Perez to assist in recieving the 364 pounds of marijuana which was to be delivered by Agent David. When the Probation Office interviewed Perez this was the gist of the agreement understood by Perez and the Appellant, and there was never any mentioning of cocaine.

Starting with what is suppose to be an agreement inorder to sustain a conviction for conpiracy to possess with intent to distribute cocaine as stated in count 4 of the indictment, we must establish the agreement or what consist of an agreement inorder to violate section 846.

In **Krulewitch V. U.S.** 336 U.S 440, 448 (1949) "[U]nless at least two people committ [the act of agreeing] no one does." [A]greement is the essential evil at which the crime of conspiracy is directed, and it "remains the essential element of the crime."

3

Turning to the facts of the case we must determine whether an offense against the United States was violated inorder to give the lower court the authority to convict and sentence the Appellant for violation of section 846, and there must be an agreement.

It is well-settled law among the courts that one cannot conspire with a government agent. This would be a correct statement of law by stating:

> An agreement with an agent of the police is not a criminal conspiracy. SEE **Sears V. U.S.,** 343 F.2d 139, 142 (5th Cir. 1965)

In the instant case there is no doubt that Agent David was at the time working for the government. On May 8, 1997 that Appellant agreed with Agent David to purchase 15 kilograms of cocaine to be delivered with the 364 pounds of marijuana. (Item 17 PSR) However, on May 16, 1997 this deal was declined by Agent David as to the purchase of 15 kilograms of cocaine that was to be delivered with the marijuana. Nontheless the 364 pounds of marijuana was delivered without an agreement being met concerning the 15 kilograms of cocaine. (Item 20 PSR) Was there an agreement to purchase 15 kilograms with the Agent when there could not have been a criminal agreement? Or when the Agent declined the agreement, did two are more people agree as to the essential element of the conspiracy?

In **U.S. V. Duff,** 76 F.3d 122 (7th Cir 1996) this case is on point as to the conspiracy with a government agent. In this case the court stated that:

> If Hill agreed only with Watkins to distribute drugs, then Hill had to be acquitted of conspiracy.

The government argued that the defendant (agent) was not named as a conspirator. The court again stated:

> It is disappointing to see such a disingenous argument from the United States Department of Justice......

> Watkins was not named as a conspirator,
> but the indictment alleged that 17 defendants
> "did knowingly conspire together and with
> diverse other persons known and unknown
> to the Grand Jury". Watkins could have
> been one of the "diverse other persons
> known and unknown to the Grand Jury".

There can simply be no conspiracy with a government agent who secretly
intends to frustrate the conspiracy. SEE **U.S. V. Richardson**, 764 F.2d 1514
(11th Cir 1985).

This further supports the Appellant's position as to the scope of the
agreement. The Appellant objected to Item 32 of the PSR (Role ajustment). The
Probation Office found that "The U.S. Probation Office further notes the defen-
dant and his attorney concede the defendant was to split the profit of be-
tween $2,000.00 and $3,000.00 per kilo of cocaine. (Note: With the agent)
The Probation Office Further states there is little doubt the defendant re-
cruited **Perez** and Garlin. Garlin in turn involved Gugal as a participant by
asking him to drive the van which was to be used to recieve the **Marijuana**
shipment. As this court will note there is no mentioning of the conspiracy
to possess 15 kilos of cocaine as to count 4 of the indictment. There was
no agreement with the Appellant known are otherwise with anyone other than
the Agents in the instant case.

The lower court simply relied on the conspiracy stated in count 1 of
the indictment to draw the conclusion that the Appellant conspired with others
known and unknown to the Grand Jury.

The government cannot be releaved of its duty to charge an offense
in the indictment which can be proved as a matter of law inorder to try,
convict, and sentence the Appellant. To charge the Appellant with unknown
persons cannot support a conspiracy conviction, and only until the government
can show an agreement with some one other than a government agent, as a

The Appellant cites cases which concerns the instructions not given by the lower court, but the rule of law is that one cannot conspire with an government agent regardless of whether the Appellant plead guilty to the charged conduct. **Meacham's** rights to be free of prosecution for a non-offense would bar his conviction even if his "factual guilt" had been established validly. The entry of a guilty plea does not act as a waiver of jurisdictional defects such as an indictment's failure to charge an offense.

The lower court did not state that the information and investigated by the Probation Office was not factual, nor did the court conclude that said information was not used to sentence the Appellant are to enhance the Appellant's offense level. This court must however it deems just assume that the information is factual.

## CONCLUSION

The Appellant seeks the relief of; the Appellant's sentence should be vacated, and the conviction reversed as to count 4 of the indictment; the Appellant should be sentenced are ordered to be sentence to 375.58 kilos of marijuana with an offense level of 26; the considerations as to the enhancement of 4 levels is not contested by the Appellant, and the reduction of 3 levels should remain the same which would give the Appellant an offense level of 27 with a range of 70-87 months of incarceration.

Considering the fact that no criminal conspiracy could have been formed by the government's agents and the Appellant as to count 4 of the indictment.

The Appellant also request any and all relief this court deems just. It is so prayed.

6

Executed this 9th of November 2000.

Lauro Garcia, Jr.
Reg. No. 21207-018
P.O. Box 725
Edgefield, SC.  29824

CERTIFICATE OF SERVICE

I do hereby sertify that the above appeal brief have been affixed with proper postage and mailed to the following address by placing this brief in the Institutional Mail Box here at Federal Prison Camp Edgefield, Edgefield SC.

Mervyn Mosbacker, AUSA 1036 Levee St. Brownsville, Texas.  78520

Done this 9th of November 2000.

Lauro Garcia, Jr.

8

# EXHIBIT E

RE:   GARCIA, LAURO, JR.                                    97-00208-001

15.    Later this same date, surveillance agents observed the defendant's white pickup truck and
       a black truck pass the near agreed upon meeting location.  A cooperating individual
       advised agents the black truck contained the marihuana.  DPS Troopers initiated a stop
       on the black pickup truck, seized twenty-nine (29) bundles of marihuana weighing four
       hundred and sixty-four (464) pounds, and arrested the driver, Domingo Diaz-Avalos.
       Garcia was not arrested at this time and contact between Garcia and Agent David
       continued.

16.    On May 6, 1997, an unidentified accomplice of Garcia delivered a van loaded with
       approximately three hundred and sixty-four (364) pounds of marihuana to another DPS
       undercover investigator in Dallas, Texas, who was posing as a friend of Agent David.
       Later, Garcia informed undercover agents he was interested in transporting an additional
       one thousand two hundred (1,200) pounds of marihuana; however, he was unable to gain
       access to such a large amount of marihuana.

17.    On May 8, 1997, Garcia met with Agent David and another undercover officer and
       attempted to negotiate the purchase of fifty (50) kilograms of cocaine from the agents.
       (Hereafter refer to as "notional" cocaine).  Garcia was unable to deliver the money to
       purchase the cocaine; subsequently, the negotiations ended.  Agents were unable to
       provide any evidence, the defendant was unable to or had the ability to consummate this
       deal.  Instead, Garcia suggested, and Agents agreed, he would purchase fifteen (15)
       kilograms of cocaine from them.  The delivery of the "notional" cocaine would take
       place at the same time as the delivery of the three hundred and sixty-four (364) pounds
       of marihuana.

18.    In a subsequent phone conversation, Garcia instructed Agent David to transport the three
       hundred and sixty-four (364) pounds of marihuana and the "notional" fifteen (15)
       kilograms of cocaine to Charleston, South Carolina.  Agent David was to receive
       $36,400.00 for transporting the marihuana and $150,000.00 for transporting the cocaine.
       Upon arrival in South Carolina, the narcotics would be delivered to Garcia and Agent
       David would then be paid for his transportation services.

19.    On May 13, 1997, the Charleston DEA Office agreed to assist the Brownsville, DEA
       Office in making a controlled delivery of the three hundred and sixty-four (364) pounds
       of marihuana to Garcia.

5

RE:   GARCIA, LAURO, JR.                                      97-00208-001

20.   On May 16, 1997, **Garcia** met with Agent David at the Waffle House Restaurant Summerville, South Carolina, wherein Garcia paid Agent David $67,000.00. Garcia informed Agent David he did not have all of the money for the cocaine and suggested that Agent David front him (Garcia) the cocaine and wait an additional hour. Agent David would then receive the remaining amount of money "owed to him". Agent David declined.

21.   **Garcia** then provided Agent David with a van which was brought to the Waffle House by James Douglas Garlin and David James Gugal. Garcia admitted he asked Garlin to travel to Summerville for the purpose of transporting a load of marihuana for him. Garlin stated to the U. S. Probation Officer he, in turn, asked Gugal to drive the van to Summerville.

22.   During this meeting, **Garcia** also offered to introduce Ricardo Mulet Perez to Agent David, however, Perez declined the introduction. Garcia informed Agent David that Perez was the "money man". During an interview with the U. S. Probation Officer, Perez stated, and it was confirmed by Garcia, that Garcia recruited Perez to participate in the instant offense by asking him to assist in receiving the three hundred and sixty-four (364) pound load of marihuana which was to be delivered by Agent David.

23.   Agent David then drove the van to a predetermined location where other agents loaded it with the three hundred and sixty-four (364) pounds of marihuana to execute the controlled delivery. Upon returning to the Waffle House, Agent David offered to have **Garcia** examine the marihuana, but Garcia declined, stating to Agent David he trusted him. Shortly thereafter, Garlin and Gugal were arrested as they entered the van. **Garcia** and Perez were also arrested in the immediate vicinity at this time.

24.   On August 11, 1997, the U. S. Probation Officer received information from attorney Xavier Ornelas, who stated that Ricardo Mulet Perez, a codefendant in this case, "made life difficult for Lauro Garcia, Jr.," (i.e. Mulet Perez possibly threatened Lauro Garcia, Jr., if Garcia testified against Mulet Perez). An independent investigation by the U. S. Probation Officer did not reveal that Ricardo Mulet Perez threatened, intimidated, or coerced Lauro Garcia, Jr., in any shape, form or fashion. There is no evidence to substantiate an adjustment for obstruction of justice against Mulet Perez.

Victim Impact

25.   There are no identifiable victims of the offense.

6

RE:   GARCIA, LAURO, JR.                                      97-00208-001

Adjustment for Obstruction of Justice

26.   None.

Adjustment for Acceptance of Responsibility

27.   The defendant accepted responsibility for his conduct in the instant offense. He admitted his role and participation in the attempted delivery of both the four hundred and sixty-four (464) pound and the three hundred and sixty-four (364) pound marihuana loads. Further, the defendant admitted he attempted to negotiate with Agent David for the purchase of fifteen (15) kilograms of cocaine. Accordingly, the defendant appears to accept responsibility for his conduct in the instant offense.

Offense Level Computations

28.   The 1995 Edition of the Guidelines Manual has been used in this case.

      Count One -- Conspiracy to possess, with intent to distribute, a quantity exceeding one hundred (100) kilos of marihuana.

      Count Four -- Conspiracy to possess, with intent to distribute, a quantity exceeding five (5) kilos of cocaine.

29.   **Base Offense Level:** Pursuant to U.S.S.G. § 2D1.1, Commentary, Application Note No. 6, where there are multiple transactions or multiple drug types, the quantities of drugs are to be added. According to the drug equivalency table, the two (2) combined loads of marihuana, eight hundred and twenty-eight (828) pounds converts to 375.58 kilograms of marihuana. In addition, the fifteen (15) kilograms of cocaine converts to 3,000 kilograms of marihuana. This gives a combined weight of 3,375.58 kilograms of marihuana. According to the Drug Quantity Table, amounts between 3,000 and 10,000 kilograms of marihuana establishes a base offense level of thirty-four (34).          **34**

30.   **Specific Offense Characteristics:** None.                                **0**

31.   **Victim-Related Adjustments:** None.                                **0**

32.   **Adjustments for Role in the Offense:** By the defendant's own admission, he recruited both codefendants Perez and Garlin to assist him in the commission of the instant offense. Furthermore, based on the defendant's actions, it appears he exercised a large degree in the planning/organizing of the instant offense, as evidenced by the fact he negotiated with Agent David in the Rio Grande Valley, Dallas, Texas, and South

7

RE:  GARCIA, LAURO, JR.                                      97-00208-001

## OBJECTION NO. II

Defendant Garcia also objects to Paragraph 20 of Part A wherein it states that Garcia paid Agent David $67,000.00.  In fact, Defendant Garcia paid $75,000.00 to Agent David.  Said money being obtained from co-defendant Ricardo Mulet Perez.

### PROBATION OFFICER'S RESPONSE

The Probation Officer takes no issue with this objection as it does not effect the guideline computations.

## OBJECTION NO. III

Defendant Garcia also objects to Paragraph 24 of Part A where in states that the U. S. Probation Officer received information from Attorney Xavier Ornelas... The information was obtained from Xavier Ornelas' office (his investigator).

### PROBATION OFFICER'S RESPONSE

The Probation Officer takes no issue with this objection as it does not affect the guideline computations.

## OBJECTION NO. IV

Defendant Garcia also objects to Paragraph 32 of Part A wherein the offense level was increased by four levels which is an incorrect role adjustment.  Defendant Garcia did not recruit co-defendants Perez and Garland.  Garcia informed Perez of the deal.  He asked Perez if he wanted to join in.  (Perez had the money to purchase the drugs) Agent David was aware that Garcia didn't have any money to buy drugs.  Garcia was only trying to find a buyer.  The deal was that Garcia and Agent David would make $2,000.00 to $3,000.00 per kilo of coke and that they would split the profits.

Therefore, Garcia was not the organizer or leader of anything.  Each defendant was at liberty to make their own decisions and Garcia did not control them.  Therefore, this section should be corrected and should state that the offense level should not be increased by four (4) levels.

16

**RE: GARCIA, LAURO, JR.**                                    **97-00208-001**

## PROBATION OFFICER'S RESPONSE

Pursuant to U.S.S.G. 3B1.1, in order to assess a four (4) level increase, the defendant must be an organizer or leader of a criminal activity which involves five (5) or more participants. Commentary, Application Note #4, adds that factors the Court should consider in applying this adjustment include, among others, the exercise of decision making authority, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning and organizing the offense and the nature and scope of the illegal activity.

As noted in Paragraph 32 of the presentence report, Garcia admitted to the U. S. Probation Officer his role in the instant offense in that he recruited codefendants Perez and Garlin to participate in the instant offense. The U. S. Probation Officer further notes the defendant and his attorney concede the defendant was to split the profit of between $2,000.00 and $3,000.00 per kilo of cocaine. The defendant and his attorney appear to join the Probation Officer's assessment by further acknowledging Garcia informed Perez of the deal and asked Perez if he wanted to join him. In his objection, attorney Ornelas concedes that "Garcia was only trying to find a buyer". Essentially, it appears Garcia accepts his role as an organizer in the instant offense.

Paragraph 32 of the presentence investigation report also states the defendant was involved to a large degree in the planning and organizing of the instant offense as evidenced by the fact negotiations and transactions occurred in the Rio Grande Valley, Dallas, Texas and ultimately in South Carolina.

There is little doubt the defendant recruited Perez and Garlin. Garlin in turn involved Gugal as a participant by asking him to drive the van which was to be used to receive the marihuana shipment. Finally, as part of this conspiracy, Domingo Diaz-Avalos was arrested with 465 pounds of marihuana in the Rio Grande Valley. The defendant, as the fifth participant, comprises the essential number of participants needed to apply U.S.S.G. § 3B1.1(a).

Accordingly, the presentence report will not be changed. This remains an issue which will require resolution by the Court at the sentencing hearing.

## OBJECTIONS NO. V, VI, VII & VIII

These objections are grouped together as they deal with the issue of the adjusted offense level and corresponding applicable guideline range.

17

# EXHIBIT F

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
**FILED**

No. 00-41056
Summary Calendar

MAY 0 4 2001

CHARLES R. FULBRUGE III
CLERK

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

                    versus

LAURO GARCIA, JR.,

                                    Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-97-CR-208-1

Before JOLLY, JONES and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Lauro Garcia, Jr., appeals from the district court's denial
of his motion pursuant to Fed. R. Crim. P. 12(b)(2) challenging
the sufficiency of his indictment for conspiracy to possess
cocaine in violation of 21 U.S.C. §§ 846 and 841.  Garcia argues
that the indictment failed to charge an offense because,
following his guilty plea, the presentence investigation report
did not show that he entered into an agreement with a
non-government agent.  After a de novo review, we conclude that
the indictment, which tracks the appropriate language of the

_____

    [*]Pursuant to 5th Cir. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir.  R. 47.5.4.

statute, was sufficient to state the elements of a conspiracy offense under 21 U.S.C. § 846 and to inform Garcia of the particular offense charged.  See <u>United States v. Nevers</u>, 7 F.3d 59, 63 (5th Cir. 1993); <u>United States v. Arlen</u>, 947 F.2d 139, 145 (5th Cir. 1991).

A F F I R M E D .

# EXHIBIT H

UNITED STATES COURT OF APPEALS
FOR THE FITH DISTRICT

---

NO. 00-41056

---

LAURO GARCIA JR.
DEFENDANT,-APPELANT

VS.

UNITED STATES OF AMERICA
APPELLEE

---

APPEALED FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
US DC NO. B-97-CR-208-1

---

SUGGESTION FOR REHEARING EN BANC.

---

Lauro Garcia Jr.
Reg. No. 21207-018
Federal Prison Camp
Maxwell AFB/ Mob D
Montgomery, Al 36112

## Certificate of Interested Persons

I do hereby certify that the following persons have an interest in the outcome of the above numbered case.

Filemon B. Vela, United States District Judge

Mervyn Mosbacker, U.S. Attorney

Rey Buendia, U.S. probation Officer

Louis G. Brewster, Chief U.S. probation Ofiicer

Lauro Garcia Jr., Defendant/Appellant

A

## TABLE OF CONTENTS

<u>Page</u>

Certificate of Interested Persons................................ A

Table of Contents.............................................. B

Table of Contents and Citations................................ C

Statement of Issue............................................. D

Statement of Proceedings....................................... D

Argument and Authorities....................................... 1

Conclusion..................................................... 4

Certificate of Service......................................... 5

**Rules**

7(c)(3) Rules of Criminal Procedures........................... 1

**Statutes**

Title 21 U.S.C. §841........................................... D

Title 21 U.S.C. §846........................................... D

## TABLE OF CONTENTS AND CITATION

Page

United States V. Arlen, 947 F.2d 139,145 (5th Cir. 1991)..........1

United States V. Garcia, 945 F.2d 273, 276 (5th Cir. 1992)........1

United States V. Gonzalez, 121 F.3d 928,941 (5th Cir. 1997)........2

United States V. Gourley, 168 F.3d 165 (5th Cir. 1999).............3

United States V. Morales-Rosales, 838 F.2d 1359 (5th Cir. 1988)....2

United States V. Nevers, 7 F.3d 59,63 (5th Cir. 1993)..............1

United States V. Sears, 343 F.2d 139,142 (5th Cir. 1965)...........3

**SUPREME COURT CITES**

United States V. Hamling, 418 US at 117-118 94 S.Ct. 2907-08.......2

United States V. Hutcheson, 312 US 219,229 61 S.Ct. 463 (1941).....1

United States V. Krulewitch, 336 US 440,448 (1949)................3

C

## STATEMENT OF ISSUE

WHETHER THE COURT HAD JURISDICTION TO CONVICT
AND SENTENCE THE DEFENDANT FOR A VIOLATION OF
TITLE 21 U.S.C. §846 IN WHICH THE FACTS OF THE
CASE ONLY SHOWED THAT THE AGREEMENT WAS WITH A
GOVERNMENT'S AGENT

---

This issue merits an en banc consideration with respect to the presedence set forth by this court, and the Supreme Court of the United States of America, and other Circuits that have heard and decided whether a government agent can be a party to an agreement to violate § 846 i.c.w. § 841 as charged in the instant case.

This suggestion for a rehearing en banc is requested so that there will not be a conflict between the courts, and remain consistant with the authorities cited by this court in prior decisions.

## STATEMENT OF PROCEEDINGS

This case originated on or about April 10, 1997, On or about July 31, 1997 the Appellant plead guilty to counts 1, and 4 of the indictment.  The Appellant was thereafter sentenced on October 14, 1997 to a term of 135 months of incarceration.  The Appellant filed a motion entitled "Want of Jurisdiction" (filed) June 12, 2000.  Said motion was denied July 18, 2000, and the Appellant filed a timely notice of appeal.  This appeal was denied May 04, 2001, and this matter is respectfully before this court for a suggestion for a rehearing en banc.

D

## ARGUMENT AND AUTHORTIES

On May 4, 2001 this court ruled that the indictment which tracks the appropriate language of the statute was sufficient to state the elements of a conspiracy offense under 21 U.S.C. §846, and to inform Garcia of the particular offense charged.  SEE **U.S. V. Nevers,** 7 F.3d 59, 63 (5th Cir. 1993); **U.S. V. Arlen,** 947 F.2d. 139, 145 (5th Cir. 1991).

This however does not address the facts the Appellant brought to the court for consideration. Never the less, the Appellant read **Nevers (N.9)** which states:

> Court of appeals review indictments for practical, not technical error in indictment unless that error mislead defendant to his or her prejudice. Fed. R. Cr. Proc. Rule 7(c)(3).

Now we will address Rule 7(C)(3) See. **U.S. V. Garcia,** 954 F.2d 273, 276 (5th Cir. 1992) states:

> Rule 7(c)(3) reflect the long standing notion that the written statement contained in an indictment, not the citation to statute, are the controlling features of the indictment.  See: **U.S.V. Hutcheson,** 312 US 219, 61 S.Ct. 463, 464, 85 L.Ed 788 (1941).

The indictment in the instant case simply tracked the statutory citation.  There was nothing contained in the indictment consistant of a statement surrounding the facts.  Moreover, in **Garcia** the citation of the statute is not the controlling feature of the indictment.

Referring back to **Nevers** will not reverse conviction because of error in an indictment unless that error misled defendant to his or her prejudice. (Note 10 of Nevers) in the case subjudice, now subjudice means...under judicial consideration; undetermined.  From the face of the appellant's complaint concerning the fact one can conclude that

this case facts are undetermined with a forgone conclusion that the citation of the statute put the appellant on notice of the charged conduct which contradicts **Garcia.**

Rule 7(c)(3) requires prejudice, and given the circumstances in the instant case, prejudice was never considered by the court.

In **U.S. V. Gonzalez,** 121 F.3d 928, 941 (5th Cir. 1997) (Note 32-33):

> An indictment provides for notice if it states
> the specific facts and circumstances surrounding
> the offense in sufficient detail to inform a
> defendant of the charge. Citing **Hamling,** 418 US
> at 117-118 94 S.Ct. 2907-08

Again, this court states that the specific facts and circumstances surrounding the offense in sufficient detail, not whether the particular statute citation would suffice to put the appellant on notice as ruled by the court in the instant case.

Has the appellant suffered prejudice as a result of, and has the appellant been misled by the government to plead guilty to a charge that the facts do not constitute the offense charged? Yes.

The appellant was mislead to believe that the appellant could conspire with a governments's agent, therefore entering a plea of guilty to facts that do not constitute a crime nor justify a crime as charged.  The facts of the instant case were not rebutted, and the government never con- tested the facts that the agreement was between the agent and appellant.

In **U.S. V. Morales-Rosales,** 838 F.2d 1359, 1361 (5th Cir. 1988) this court stated:

> A criminal indictment "must be a plain, concise,
> and definite written statement of the essential
> facts constituting the offense charged".

Here again this court has held that a written statement of the essential facts must be concise, and plain.

2

Going back to **U.S. V. Gourley,** 168 F.3d 165 (5th Cir. 1999) this court made it very clear that an agreement existed between at least two non-government people to import and possess the controlled substance...

In **U.S. V. Krulewitch,** 336 US 440,448 (1949) the Supreme Court States:

> Agreement is the essential evil at which a crime of conspiracy is directed, and it "remains the essential element of the crime".

As in the **Morales-Rolales** case the essential facts which are essential elements of the crime must be charged and proved inorder to uphold a conviction under the conspiracy statute (846). As far back as **Sears,** 343 F.2d 139, 142 (5th Cir. 1965) this court has consistantly held that an agreement with an agent of the police is not a criminal conspiracy, which is the essential element of the charged conduct.

It should be noted that in the instant case the appellant was charged with two (2) distinct conspiracies. Count 1 charged a conspiracy to possess with intent to distribute marijuana, and Count 4 charged conspiracy to possess with the intent to distribute cocaine all in violation of Title 21 U.S.C. §846 i.c.w. 841.

It is of the utmost importance that this court notice that the facts surrounding count 4 of the indictment is not the same as count 1 of the indictment. In fact, the Probation Officer's Report explains the facts that was not charged in the indictment which must be done inaccordence to **Morales-Rosales.**

It would be utmost importance that this court stay decisis with the prior ruling which simply explains the essential facts, the essential elements, and that a government agent cannot conspire with

the appellant.  It is also important that the facts of this case be addressed as to the charged conduct in order not to justify the injustice that would occur if this court turns a blind eye to the essential facts in order to sustain a conviction, and to go against the prior ruling of this court and the Supreme Court.

It is always understood that the light most favorable to the government sets the standards for review.  However, to go against this court's prior decision would not only cause an injustice to the appellant, but will forever allow the government to only track the statutory citation and charge conspiracies relying upon agreements of criminal conduct between agents and defendants which are contrary to the rule of law.  No essential facts will have to be alleged, neither do the essential elements have to be charged.

In the instant case it is respectfully submitted that this Honorable Court by upholding this decision by the panel that decided this case will be going against long standing precedence in this circuit that holds that a government agent cannot be a party to an agreement with a defendant, and it will upset the Supreme Court's ruling which also held that a defendant cannot conspire with a government's agent.

The prejudice suffered would be that the appellant would have to serve an additional 60 months of incarceration as a result of the government misleading the appellant that one could conspire with a government's agent as the facts of the case will clearly show, and as argued by the appellant.

## CONCLUSION

For conduct that was not charged in the indictment, but was assumed and considered by the court (district) at the time of

4

sentencing the court (district) never assured itself of jurisdiction to impose a sentence on conduct that by this court's own acknowledgement has considered that was not a violation of §846 with that of a government's agent.  Count 4 of the instant case should be vacated, and the appellant's sentence should be reduced 60 months as argued.

Wherefore, the appellant prays that this Court grants this Suggestion for Rehearing En Banc, and whatever relief this Court deems appropriate and just.  It is so prayed.

Executed this June 2, 2001
Lauro Garcia Jr
Lauro Garcia, Jr. #21207-018
Fed. Prison Camp- Mobile/D
Maxwell Air Force Base
Montgomery, Al.  36112


### CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of this Suggestion for Rehearing En Banc has been affixed with proper postage and mailed to the following address:

Paula C. Offenhauser, AUSA 910 Travis, Suite 1500 P.O. Box 61129 Houston, Texas.  77208.

Done this June 2, 2001
Lauro Garcia Jr.
Lauro Garcia, Jr.

5

# EXHIBIT I

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-41056
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

LAURO GARCIA, JR

Defendant - Appellant

**U.S. COURT OF APPEALS**

# FILED

JUL - 2 2001

**CHARLES R. FULBRUGE III**
**CLERK**

----------------------
Appeal from the United States District Court for the
Southern District of Texas, Brownsville
----------------------

ON PETITION FOR REHEARING EN BANC

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:

( X )   Treating the Petition for Rehearing En Banc as a Petition
for Panel Rehearing, the Petition for Panel Rehearing is DENIED. No
member of the panel nor judge in regular active service of the court
having requested that the court be polled on Rehearing En Banc
(FED. R. APP. P. and 5TH CIR. R. 35), the Petition for Rehearing En Banc
is DENIED.

(   )   Treating the Petition for Rehearing En Banc as a Petition
for Panel Rehearing, the Petition for Panel Rehearing is DENIED.  The
court having been polled at the request of one of the members of the
court and a majority of the judges who are in regular active service
not having voted in favor (FED. R. APP. P. and 5TH CIR. R. 35), the
Petition for Rehearing En Banc is DENIED.

ENTERED FOR THE COURT:

_____
United States Circuit Judge

REHG-6a

CLERK'S NOTE:

SEE FRAP AND LOCAL
RULES 41 FOR STAY OF THE
MANDATE.