6

United States District Court
Southern District of Texas
FILED

JUN 10 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

UNITED STATES OF AMERICA, Plaintiff-Respondent, §
§
§
vs. § CRIMINAL NO. B-97-208
§
LAURO GARCIA, Defendant-Movant, (Civil Action No. B-04-16). §
§
§

**UNITED STATES' MOTION TO DISMISS PETITIONER'S 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE FOR FAILURE TO COMPLY WITH THE ONE-YEAR LIMITATION.**

The United States of America, Plaintiff-Respondent, by the United States Attorney for the Southern District of Texas, moves this court to dismiss Garcia's motion to vacate, set aside or correct sentence as filed outside the one-year limitation set by 28 U.S.C. § 2255.

1. **Procedural history**.

Garcia and three co-conspirators (Ricardo Mulet Perez, David James Gugal, and James Douglas Garlin) were indicted in the United States District Court for the Southern District of Texas, Brownsville Division, No. B-97-CR-208, on June 3, 1997, with conspiracy to possess with intent to distribute in excess of 100 kilograms of marihuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B) (count 1), with two counts of aiding and abetting the possession with intent to distribute in excess of 100 kilograms of marihuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2 (counts 2 and 3), and with conspiracy to possess with intent to distribute in excess of 5 kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) (count 4). (Doc. # 1). He pled guilty to counts 1 and 4 on July 31, 1997, pursuant to a plea agreement. (Doc. # 81). He was sentenced on October 14, 1997, to concurrent terms of 135 months in the custody of the Bureau of

Prisons, 5 years supervised release, and the $200 special assessment. (Doc. # 107).

Garcia did not appeal. On June 12, 2000, he filed a "Motion for Want of Jurisdiction (Statutory) Pursuant to 12(b)(2) of the F.R.Crim.Proc.," in which he alleged that the indictment was defective as a "matter of law" to support his cocaine conspiracy conviction because the United States failed to prove that he conspired with a non-government agent (Doc. # 135). This Court dismissed the motion with the finding that "[t]he relief Petitioner requests is not available to him under Federal Rule of Criminal Procedure 12(b)(2)" (Doc. # 136). Garcia took an interlocutory appeal from this order. The Fifth Circuit affirmed on May 4, 2001, holding that the indictment properly tracked the appropriate language of the statute; that it sufficiently stated the elements of the indicted offense and informed Garcia of the particular offense charged. *United States v. Lauro Garcia, Jr.*, No. 00-41056.

2. **Jurisdiction.**

Garcia filed the instant motion to vacate under 28 U.S.C. § 2255 on January 31, 2004. As Garcia did not appeal his conviction or sentence, the one-year limitation ran from the date his sentence became final, which occurred in October 1997. If he had filed a direct criminal appeal, which he did not, his federal criminal conviction would have become final when the time expired for filing a petition for certiorari contesting the appellate court's affirmation of the conviction in the Supreme Court, which would have occurred no later than December 1998. *Clay v. United States*, 537 U.S. 522, 123 S.Ct. 1072 (2003).

Garcia cannot use the common-law writ of coram nobis to override the one-year limitation Congress has imposed in section 2255. *United States v. Esogbue*, 357 F.3d 532, 535 (5th Cir. 2004) (citing, *Godoski v. United States,* 304 F.3d 761, 763 (7th Cir. 2002) ("coram nobis is a common-law writ, and it is entirely inappropriate for the judiciary to invoke the common law to override

limitations enacted by Congress, such as the period of limitations in § 2255"), *cert. denied,* 537 U.S. 1211, 123 S.Ct. 1304 (2003); and *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir.) ("A petitioner may not resort to coram nobis merely because he has failed to meet the AEDPA's gatekeeping requirements. To hold otherwise would circumvent the AEDPA's overall purpose of expediting the presentation of claims in federal court and enable prisoners to bypass the limitations and successive petitions provisions."), *cert. denied*, 537 U.S. 1022, 123 S.Ct. 544 (2002).

Nor is the savings clause under section 2255 available to Garcia under the facts here. First, Garcia raises here as his claim of ineffective assistance of counsel that failed to investigate and explore evidence that could exonerate him. Garcia's plea of guilty to the offense charged constitutes an admission that he committed the indicted offense, *United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 763 (1989) (citing *North Carolina v. Alford*, 400 U.S. 25, 32, 91 S.Ct. 160, 164 (1970)), and relinquished his opportunity to challenge the sufficiency of the government's proof. *Id.* ("Respondents had the opportunity, instead of entering their guilty pleas, to challenge the theory of the indictment.... They chose not to, and hence relinquished that entitlement."); *Kelley v. Alabama*, 636 F.2d 1082 (5th Cir. 1981); *United States v. Broome*, 628 F.2d 403, 405 (5th Cir. 1980). His conclusory allegations in this pleading do not established a matter of law or fact that his guilty plea is invalid. Moreover, Garcia could have raised *pro se* a claim of ineffective assistance of counsel, based on his allegation that there was exculpatory evidence listed in his presentence investigative report upon which counsel could have relied when investigating this case, in a timely filed 28 U.S.C. § 2255 motion.

Second, Garcia's claim in this motion that his counsel failed to perfect a direct criminal appeal does not establish a warranted basis to invoke equitable tolling. Garcia's argument in this

motion essentially is that his counsel did not perfect a direct criminal appeal, and that he had to do it pro se by filing the June 2000 motion under FED. R. CRIM. P. 12(b). Garcia obtained appellate review of his challenge to the sufficiency of the indictment on his interlocutory appeal. Assuming *arguendo* that Garcia's interlocutory appeal from this Court's dismissal of a prior FED. R. CRIM. P. 12(b) motion could have tolled the one-year statute of limitation, and the United States does not concede or agree that it does, the one-year limitation period would have expired in August 2002. While equitable tolling may be granted in rare and exceptional circumstances, mere attorney error or neglect is not an extraordinary circumstance warranting equitable tolling. *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002), *cert. denied*, 539 U.S. 918, 123 S.Ct. 2277 (2003). Equitable tolling is not warranted where the movant's attorney gave him incorrect legal advice regarding the time for filing a 28 U.S.C. § 2255. *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir.), *cert. denied*, 539 U.S. 952, 123 S.Ct. 2630 (2003). As the Fifth Circuit explained in *Riggs,*

> a prisoner has no right to counsel during post-conviction proceedings. This is why our equitable tolling cases do not laboriously apply the familiar test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984): Ineffective assistance of counsel is irrelevant to the tolling decision. Likewise, a petitioner's own ignorance or mistake does not warrant equitable tolling, and it would be rather peculiar to treat a trained attorney's error more leniently than we treat a pro se litigant's error.

*Id.* As stated above, Garcia could have timely filed a motion to vacate under 28 U.S.C. § 2255 but failed to avail himself of that opportunity.

3. **Conclusion**. For these reasons, Garcia's motion should be dismissed for failure to comply with the one-year limitation period imposed under 28 U.S.C. § 2255. Alternatively, and in compliance with this Court's order to include the transcripts of the guilty plea, the United States requested a transcription of the rearraignment hearing and obtained an extension while awaiting

receipt of that transcription. The Office of the United States Attorney spoke to the court reporter this week and was informed that the transcription has not yet been prepared. If this court deems a further response to the merits of Garcia's claims appropriate and necessary, the United States requests an opportunity to file a supplemental response 30 days after that transcript is received.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

Ricardo Lara FOR:

PAULA C. OFFENHAUSER
Assistant United States Attorney
Texas Bar No. 15220500
Federal ID No. 1524
910 Travis Street, Suite 1500
P.O. Box 61129
Houston, Texas 77208-1129
(713) 567-9102

**CERTIFICATE OF SERVICE**

I, Paula Offenhauser, Assistant United States Attorney, do hereby certify that a true and correct copy of the above and foregoing has been served by placing same in the United States mail, postage prepaid, on this day, June 10, 2004, addressed to: Mr. Ralph R. Martinez, Chase Bank of Texas – Gulfgate, 2900 Woodridge, Suite 306, Houston, Texas 77087.

Ricardo Lara FOR:

PAULA C. OFFENHAUSER
Assistant United States Attorney