United States District Court
Southern District of Texas
FILED

JUL 23 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff-Respondent, | § | |
| | § | CIVIL ACTION NO. B–04-16 |
| vs. | § | (CRIM. NO. B-97-208) |
| | § | |
| LAURO GARCIA, | § | |
| Defendant-Movant, | § | |

**UNITED STATES' ANSWER, MOTION TO DENY RELIEF UNDER
RULE 8(A), 28 U.S.C. FOLL. § 2255, AND SUPPORTING BRIEF**

The United States of America, Plaintiff-Respondent, by the United States Attorney for the

Southern District of Texas, moves this court to deny relief under Rule 8(a), 28 U.S.C. foll. § 2255.

1.    **Procedural history.**

Garcia and three co-conspirators (Ricardo Mulet Perez, David James Gugal, and James

Douglas Garlin) were indicted in the United States District Court for the Southern District of Texas,

Brownsville Division, No. B-97-CR-208, on June 3, 1997, with conspiracy to possess with intent

to distribute in excess of 100 kilograms of marihuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and

(b)(1)(B) (count 1), with two counts of aiding and abetting the possession with intent to distribute

in excess of 100 kilograms of marihuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and 18

U.S.C. § 2 (counts 2 and 3), and with conspiracy to possess with intent to distribute in excess of 5

kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) (count 4). (Doc. # 1).

He pled guilty to counts 1 and 4 on July 31, 1997, pursuant to a plea agreement. (Doc. # 81). He was

sentenced on October 14, 1997, to concurrent terms of 135 months in the custody of the Bureau of

Prisons, 5 years supervised release, and the $200 special assessment. (Doc. # 107).

Garcia did not appeal. On June 12, 2000, he filed a "Motion for Want of Jurisdiction (Statutory) Pursuant to 12(b)(2) of the F.R.Crim.Proc.," in which he alleged that the indictment was defective as a "matter of law" to support his cocaine conspiracy conviction because the United States failed to prove that he conspired with a non-government agent (Doc. # R. 135). This Court dismissed the motion with the finding that "[t]he relief Petitioner requests is not available to him under Federal Rule of Criminal Procedure 12(b)(2)" (Doc. # 136). Garcia took an interlocutory appeal from this order. The Fifth Circuit affirmed on May 4, 2001, holding that the indictment properly tracked the appropriate language of the statute; that it sufficiently stated the elements of the indicted offense and informed Garcia of the particular offense charged. *United States v. Lauro Garcia, Jr.*, No. 00-41056.

2.     **Jurisdiction.** Garcia filed the instant motion to vacate under 28 U.S.C. § 2255 on January 31, 2004. As argued in the United States' motion to dismiss filed on June 10, 2004, the United States submit that Garcia's motion to vacate is outside the one-year statute of limitation imposed by 28 U.S.C. § 2255. (Doc. # 5)..

3.     **Allegations.** Garcia challenges the effectiveness of his counsel's assistance for failing to fully investigate evidence to support a claim of innocence for Count 4, conspiracy to possess with intent to distribute in excess of 5 kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A).

4.     **Evidentiary hearing.** The allegations raised by Garcia may properly be resolved on the basis of the record before this court, which conclusively shows that no relief is appropriate. No evidentiary hearing is required. *United States v Smith*, 915 F.2d 959, 964 (5th Cir. 1990); *United*

*States v Santora*, 711 F.2d 41 (5th Cir. 1983).  Under Rule 8(a), this court shall make such disposition of the motion as justice dictates.

5.     **Transcripts.**    Transcripts of the rearraignment and sentencing are on file with under Criminal No. B-97-CR-208, Doc. # 146.

6.     **Motion to dismiss.**

To succeed on a claim of ineffective assistance of counsel, a defendant must show both that his attorney's performance was deficient and that the deficient performance prejudiced his defense. *United States v. Franks*, 230 F.3d 811, 813 (5th Cir.  2000)(citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984)).  A claim of ineffective assistance of counsel will only merit habeas relief when a petitioner satisfies both prongs of the *Strickland* test.  *Bryant v. Scott*, 28 F.3d 1411, 1415 (5th Cir. 1994).  According to the Supreme Court "'[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.'" *Lott v. Hargett*, 80 F.3d 161, 167 (5th Cir. 1996) (quoting *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069)).  The reasonableness of counsel's challenged conduct must be judged "on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland v. Washington*, 466 U.S. at 690, 104 S.Ct. at 2066.  "Courts are deferential to attorneys in examining the exercise of reasonable professional judgment." *Faubion*, 19 F.3d at 229.  The inquiry is limited to determining whether "the attorney's performance was objectively reasonable as required by the Sixth Amendment . . . ." *Id.* With respect to the prejudice prong, it is more than just an outcome determinative test.  This requires the petitioner to demonstrate that the result of the proceeding was fundamentally unfair or unreliable.  "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right

-3-

to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 843-44 (1993).

Garcia argues that his counsel failed to investigate the government's evidence that he negotiated the purchase and transportation of cocaine and marihuana. *See* PSR ¶16-20. "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *Moawand v. Anderson*, 143 F.3d 492, 498 (5th Cir. 1998)(quoting *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Not only is Garcia's claim that his counsel failed to conduct a reasonable investigation as to "exculpatory evidence" wholly conclusory, and stated without any analysis of how it would have altered the outcome of a trial, it is contrary to the facts which Garcia personally admitted at trial. After the prosecutor read the indictment (R. 66-67), and after Garcia informed the court that he understood the allegations in the indictment, Garcia pled guilty to the conspiracy offenses alleged in counts 1 and 4. (R. 68-69). The prosecutor recited the following facts:

> [Beginning on or about April of 1997 the defendant, Lauro Garcia, Jr., began to have some discussions with an undercover agent, Department of Public Safety Narcotic Section, here in Texas by the name of Tony David, believing that Mr. David was a transported and supplier of narcotics.
>
> The discussions surrounded the transportation of two loads of marihuana. One loan that was apprehended by law enforcement on April 10th of 1997, which was approximately 210 kilograms. The other load, which was apprehended eventually in Summerville, South Carolina, which was actually 339 pounds instead of 364 pouts as alleged in the indictment.
>
> Mr. Garcia agreed to pay Mr. David a certain amount of money to transport that marihuana.
>
> And also began to have discussions concerning the sale of cocaine from Mr. David to Mr. Garcia. They eventually agreed on 15 kilograms of cocaine that would be sold to Mr. Garcia in South Carolina. On or about May 16th of 1997 the

undercover agent David in fact met with Lauro Garcia, Jr., who was in the company of Ricardo Mullet Perez in Summerville, South Carolina, where he received a vehicle from Lauro Garcia, Jr. He went and loaded the vehicle with the 339 pounds of marihuana, brought it back. And at that point Mr. James Douglas Garlin and Mr. David James Gugal got into the vehicle or opened the vehicle and proceeded to get into it an they were stopped at that time. Everybody was arrests.

Mr. Lauro Garcia, Jr., prior to the seizure of the marihuana had given a large sum money to Tony David, the undercover agent, for the purchase of the cocaine, partial purchase of the cocaine, and also for the transportation fee.

\* \* \* \* \*

[Lauro Garcia] had handed over a sum of $67,000 to Agent Tony David in Summerville, South Carolina, for the purchase of the 15 kilograms of cocaine as partial payment and also for the transportation fee.

(R. 69-70).

When asked by this Court: "Did you do that, Mr. Lauro, Jr." and "Do you admit, it?", Garcia responded to both: "Yes, sir." (R. 71). Garcia's admission that, in the presence of and with coconspirator Perez, his "money man," he negotiated with the undercover agent for the purchase of 15 kilograms of cocaine, and that paid the undercover agent $67,000 for the purpose of 15 kilograms of cocaine and for the transportation fee, constitutes sufficient evidence that he committed the indicted offenses. *United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 763 (1989)(citing *North Carolina v. Alford*, 400 U.S. 25, 32, 91 S.Ct. 160, 164 (1970)). By Garcia's personal admissions in court, he relinquished his opportunity to challenge the sufficiency of the government's proof. *Id.* ("Respondents had the opportunity, instead of entering their guilty pleas, to challenge the theory of the indictment.... They chose not to, and hence relinquished that entitlement."); *Kelley v. Alabama*, 636 F.2d 1082 (5th Cir. 1981); *United States v. Broome*, 628 F.2d 403, 405 (5th Cir. 1980). Garcia establishes neither prong of *Strickland.*

7.    **Conclusion**.  For these reasons, Garcia's motion to vacate sentence should be denied as

failing to comply with the one-year statute of limitation requirement under 28 U.S.C. § 2255, or

denied under Rule 8(a), 28 U.S.C. Foll. § 2255, as without merit.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

PAULA C. OFFENHAUSER
Assistant United States Attorney
Resident Bar # 15220500
910 Travis Street, Suite 1500
P.O. Box 61129
Houston, Texas 77208-1129
(713) 567-9101

## CERTIFICATE OF SERVICE

I, Paula Offenhauser,  Assistant United States Attorney, do hereby certify that a true and

correct copy of the above and foregoing has been served by placing same in the United States mail,

postage prepaid, on this day, July 14, 2004, addressed to: Mr.  Ralph R.  Martinez, Chase Bank of

Texas – Gulfgate, 2900 Woodridge, Suite 306, Houston, Texas 77087.

PAULA C. OFFENHAUSER
Assistant United States Attorney