UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff-Respondent, | § | |
| | § | CIV. ACTION NO. B-04-016 |
| v. | § | (CRIM. NO. B-97-208) |
| | § | |
| LAURO GARCIA, | § | |
| Defendant-Movant | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is applicant Lauro Garcia's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Docket No. 1). The Government has filed a Motion to Dismiss (Docket No. 5) and a supporting brief (Docket No. 8), which will herein be considered. For the following reasons, the relief sought by Petitioner should be DENIED and the Government's Motion to Dismiss should be GRANTED. Accordingly, Garcia's Section 2255 Motion should be DISMISSED.

### I.
### FACTUAL AND PROCEDURAL BACKGROUND

Garcia and three co-conspirators –Ricardo Mulet Perez, David James Gugal, and James Douglas Garlin– were indicted in the United States District Court for the Southern District of Texas, Brownsville Division, in criminal cause number B-97-208, on June 3, 1997. The indictment charged Garcia, in Count One, with conspiracy to possess with intent to distribute in excess of 100 kilograms of marijuana in violation of 21 U.S.C. §§ 846, 841 (a)(1) and (b)(1)(B); in Counts Two and Three, with aiding and abetting possession, with intent to distribute, of in excess of 100 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and 18

1

U.S.C. § 2; and, in Count Four, with conspiracy to possess with intent to distribute in excess of 5 kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A).

Pursuant to a plea agreement, Garcia pleaded guilty to Counts One and Four on July 31, 1997. On October 14, 1997, Garcia was sentenced to concurrent terms of 135 months in the custody of the Bureau of Prisons, 5 years supervised release, and a $200 special assessment. Garcia did not appeal. On June 12, 2000, he filed a "Motion for Want of Jurisdiction (Statutory) Pursuant to 12(b)(2) of the F.R.Crim.Proc." in which he alleged that his indictment was defective as a matter of law because the United States failed to prove that he conspired with a non-governmental agent. This Court dismissed the motion upon determining that "the relief petitioner requests is not available to him under Federal Rule of Criminal Procedure 12(b)(2)." Garcia appealed the order denying him relief.

On May 4, 2001, the Fifth Circuit affirmed the district court's ruling and held that the indictment properly tracked the language of the statute. According to the Fifth Circuit, the indictment sufficiently stated the elements of the indicted offense and informed Garcia of the particular offense charged. *United States v. Lauro Garcia, Jr.*, No. 00-41056 (5th Cir. May 4, 2001). On January 31, 2004, Garcia filed the Section 2255 motion herein at issue.

## II.
## ALLEGATIONS

In his "Memorandum of Law and Points and Authorities in Support of Petitioner's 28 U.S.C. § 2255 Motion," Garcia presents four arguments, which can be summarized as follows:

1. "Procedural default" can be excused if the habeas petitioner establishes cause and prejudice for that default;

2

2. He was denied effective assistance of counsel because his attorney failed to fully investigate exculpatory evidence and did not perfect his appeal or assist him in pursuing an in forma pauperis appeal;

3. Actual innocence may excuse procedural default; and

4. The ineffective representation he received warrants equitable tolling of the AEDPA's Statute of Limitations.

See Petitioner's Brief in Support of 28 U.S.C. § 2255 Motion (Docket No. 1).

## III.
## ANALYSIS

### A. Timeliness

Before this Court can address the merits of Garcia's argument, it is necessary to first turn to the question of whether or not we may even properly consider his claims. In particular, the Court must consider the issue of Petitioner's timeliness in filing his § 2255 application. *See United States v. Flores*, 135 F.3d 1000, 1002 (5th Cir. 1998) (addressing as a threshold issue the question of whether or not petitioner's § 2255 motion was time-barred).

Garcia filed his § 2255 motion after the effective date of the AEDPA; thus, the motion is controlled by the provisions of that statute. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). 28 U.S.C. § 2255 establishes a one-year time limit for filing a § 2255 motion. *See, e.g., United States v. Jones*, 172 F.3d 381 (5th Cir. 1999). The provisions of 28 U.S.C. § 2255 set forth four different scenarios for determining when the one-year limitations period begins to run. According to the relevant portion of § 2255:

The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Garcia's petition does not involve a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review, nor does Garcia claim that unconstitutional "governmental action" impeded him from filing for § 2255 relief prior to the limitations period. *See id.* Moreover, Garcia has not shown that he was unable to discover the factual basis for his claims until a date subsequent to the date his conviction became final. *See id.* In short, none of the relevant statutorily-dictated circumstances have impeded the movant's ability to file a timely § 2255 motion. *See Thomas*, 203 F.3d at 352 n.1. Accordingly, the date the limitations period began to run was the day on which the judgment became final.

Clearly, Garcia's instant § 2255 motion is untimely. Because Garcia did not appeal his conviction or sentence, the one-year limitations period ran from the date his sentence became final, which occurred in October of 1997. If he had filed a direct criminal appeal, his federal criminal conviction would have become final no later than December of 1998 –when the time period for filing a petition for certiorari contesting the appellate court's affirmation of the conviction would have expired. *Clay v. United States*, 537 U.S. 522, 123 S.Ct. 1072 (2003).

Garcia filed the instant § 2255 motion on January 31, 2004, well after the one-year limitations period had run, and both the Movant and the Respondent acknowledge this fact.

The crux of Garcia's argument is that his motion's untimeliness –his "procedural default"– can be excused based on his counsel's ineffective assistance. According to Garcia, because of his counsel's ineffectiveness, the AEDPA's statute of limitations should be equitably tolled.

**B. Equitable Tolling**

Having determined that Garcia's instant § 2255 motion was filed well past the deadline under the AEDPA's statute of limitations, the Court now turns to address whether or not the statute of limitations may be equitably tolled.

Equitable tolling applies principally where the defendant is actively misled by the government about the cause of action or is prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson* 184 F3.d 398 (5th Cir. 1999) (citing *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Garcia has neither demonstrated that he was actively misled by the government, nor has he shown that he was "prevented in some extraordinary way from asserting his rights"; thus, Garcia does not present grounds for equitably tolling the limitation period. *See id.*

Moreover, there are several additional reasons why Garcia's claims for equitable tolling should be deemed frivolous. Assuming Garcia was not aware that conspiracy requires at least two non-government conspirators until the day he filed his "Motion for Want of Jurisdiction" (Exhibit A, Docket No. 1), relief is still unavailable to him. "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits

5

equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Furthermore, "[a] petitioner's own ignorance or mistake does not warrant equitable tolling." *United States v. Riggs*, 314 F.3d 796, 799(5th Cir.), *cert. denied*, 539 U.S. 952, 123 S.Ct. 2630 (2003).

Additionally, Garcia's lack of diligence in asserting his claims indicates that this is not a proper case for equitable tolling. The almost three-year gap between the time Garcia's sentence was upheld and the filing of the instant motion clearly reflects that he did not pursue the process with "diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000). Moreover, Garcia is not entitled to equitable tolling because "[e]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999).

Garcia also argues that the ineffective representation he received in perfecting his appeal equitably tolls the AEDPA's statute of limitations. Garcia essentially claims that his attorney failed to assist him in filing an appeal. However, Garcia actually received appellate review of his 12(b) motion, and even assuming that the limitations period should have been tolled following Garcia's appeal of the 12(b) motion, the limitations period still would have expired well before Garcia actually filed his application for habeas relief.

Mere attorney error or neglect is not an extraordinary circumstance warranting equitable tolling. *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002), *cert. denied*, 539 U.S. 918, 123 S.Ct. 2277 (2003). Furthermore, the Fifth Circuit has consistently held that an attorney's incorrect advice regarding the timing of a Section 2255 motion is not grounds for equitable tolling. *United States v. Riggs*, 314 F3.d 796, 700 (5th Cir.), *cert. denied*, 539 U.S. 952, 123 S.Ct. 2630 (2003) ("Ineffective assistance is irrelevant to the tolling decision"). Garcia had

ample opportunity to file a timely motion pursuant to Section 2255, but did not.[1]

**C. Ineffective Assistance**

Although Garcia's instant motion is time-barred, for the sake of clarity and thoroughness Garcia's substantive stated grounds for relief –namely, ineffective assistance of counsel– have been scrutinized; and, as described below, this Court's analysis has led to the conclusion that said claims lack merit and do not justify habeas relief.

Garcia claims that his counsel failed to investigate exculpatory evidence found in the PSR. He presents a version of what the investigation would have revealed and the impact that such evidence would have had on the decision-making processes of relevant actors, including Garcia and the Court.

It is strongly presumed that counsel has rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *See Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052 (1984). An attorney's strategic choices, usually based on information supplied by the defendant and from a thorough investigation of relevant facts and law, are virtually unchallengeable. *See Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998), *cert. denied*, 528 U.S. 895 (1999); *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997), *cert. denied*, 522 U.S. 944 (1997); *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997); *Boyle v. Johnson*, 93 F.3d 180, 187-88 (5th Cir. 1996), *cert. denied*, 519 U.S. 1120 (1997); *West v.*

---

[1] Moreover, to the extent the parties have asserted the applicability of coram nobis, it is clear that the common law writ cannot override the one-year limitations period in Section 2255. *United States v. Escogbue*, 357 F.3d 532, 535 (5th Cir. 2004) (citing *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) ("coram nobis is a common-law writ, and it is entirely inappropriate for the judiciary to invoke the common law to override limitations enacted by Congress, such as the period of limitations in § 2255"), *cert. denied*, 537 U.S. 1211, 123 S.Ct. 1304 (2003). Thus, coram nobis does not overcome the untimeliness of Garcia's Section 2255 motion.

*Johnson*, 92 F.3d 1385, 1406-09 (5th Cir. 1996), *cert. denied*, 520 U.S. 1242 (1997). In order to demonstrate that his attorney's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness." *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Strickland v. Washington*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994), *cert. denied*, 513 U.S. 1114 (1995). In so doing, a convicted defendant must carry the burden of proof and overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance. *See Strickland v. Washington*, 466 U.S. at 687-91; *Jones v. Cain*, 227 F.3d 228, 231 (5th Cir. 2000).

Garcia argues that his counsel failed to investigate the Government's evidence that suggested he negotiated the purchase and transportation of cocaine. However, "[a] defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *Moawand v. Anderson*, 143 F.3d 492, 498 (5th Cir. 1998) (quoting *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)). Not only is Garcia's claim conclusory, but it is also contrary to the stated facts which Garcia personally admitted at trial. During his plea, Garcia admitted to negotiating –in the presence of his "money man"– with an undercover agent for the purchase and transportation of cocaine. Furthermore, Garcia's plea of guilty to Counts One and Four of the indictment constitutes an admission that he committed the indicted offenses. *See United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 763 (1989) (citing *North Carolina v. Alford*, 400 U.S. 25, 32, 91 S.Ct. 160, 164 (1970)). As such, Garcia relinquished his opportunity to challenge the

sufficiency of the government's proof. *See id.* Consequently, even if this Court had not determined that Garcia's habeas petition was time-barred, Garcia's claims of ineffective assistance would not warrant habeas relief.

## IV.
## RECOMMENDATION

For the aforementioned reasons, the Government's Motion to Dismiss (Docket No. 5) should be granted. Accordingly, Petitioner's application for 28 U.S.C. § 2255 relief (Docket No. 1) should be DENIED and his § 2255 application should be DISMISSED with prejudice. Because the allegations raised by Garcia may properly be resolved on the basis of the record before this Court, which shows that no relief is appropriate, no evidentiary hearing is required. *See United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990); *United States v. Santora*, 711 F.2d 41 (5th Cir. 1983). Accordingly, this Court may recommend such disposition of the motion as justice dictates. *See* Rule 8(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. foll. § 2255.

## V.
## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE at Brownsville, Texas, this \_\_\_3rd\_\_\_ day of August, 2004.

                                                    Felix Recio
                                        United States Magistrate Judge